# THE STATE OF MINNESOTA

## *vs.*

## B. A. FROISETH.

When a defendant is required by the grand jury to testify touching a criminal charge against him, pending before them, and in pursuance of such requisition does testify before them touching such charge, the indictment for such offense returned by the grand jury will be set aside.

This case comes to this court from the court of common pleas, Ramsey county, and is fully stated in the opinion of the court.

The State of Minnesota v. Froiseth.

F. R. E. Cornell, Attorney General.

Henry J. Horn and H. H. Finley for Defendant.

*By the Court*—McMillan, J.—The defendant was indicted in the court of common pleas of Ramsey county for the crime of receiving. greater fees than are allowed by law for his services as a justice of the peace. After filing the indictment, and before plea, the defendant moved to set aside the indictment.

The court below being of opinion that questions of law arise upon said motion to set aside the indictment which are so important and doubtful as to require the decision of the supreme court, and the defendant expressly desiring and consenting thereto, the court ordered the case to be reported and certified to this court in pursuance of the statute.

Among the "names of witnesses examined before the grand jury" is the name " B. A. Froiseth." It appears by the affidavit of the defendant, "that he was required by the grand jury to testify as a witness touching the charge and matters alleged in the indictment against him."

It is stipulated by the county attorney and the attorney for the defendant :

1st. " That the grand jury required the defendant to attend and be examined before them as a witness touching the charge or matters set forth in the indictment, and that in pursuance thereof said defendant did so attend before said grand jury, and was examined as a witness by them touching the said charge and matters, and that his name is inserted as a witness at the foot of the indictment.

2d. " That C. L. Grant, one of the grand jurors who was present during the examination of the charge by the grand

jury, and voted upon the finding of said indictment, was not present during the charge of the court to the other grand jurors, and was not charged by the court."

The first question presented is whether the fact, that the defendant was required by the grand jury to testify, and in pursuance of such requisition did testify before that body touching the charge and matters set forth in the indictment, vitiates the indictment.

It is conceded by the attorney general that this objection is fatal to the indictment.

We think there can be no doubt upon the question. The Bill of Rights expressly declares that "no person * * * shall be compelled in any criminal case to be a witness against himself." *Const. art.* 1, *sec.* 7. The statute of this state, which provides that, " on the trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offenses, the person so charged shall, at his request, but not otherwise, be deemed a competent witness; *Gen. Stat. ch.* 73, *sec.* 7, *as amended Sess. Laws* 1868, *ch.* 70, whatever may be its effect, certainly does not take away or impair the rights declared and secured to all persons by the Bill of Rights. The objection is therefore fatal to the indictment.

As the second ground of objection, which we presume was the point regarded by the court below as doubtful, is unnecessary to the determination of this case, and as the objection is presented and determined in the case of the *State vs. James E. Froiseth,* submitted at the present term, we do not consider it here. The motion to set aside the indictment is granted.