[Crim. No. 651.   Department One. — February 26, 1901.]

## THE PEOPLE, Respondent, v. JOHN E. SEXTON, Appellant.

CRIMINAL LAW — EXTORTION — THREATS TO ACCUSE OF CRIME AGAINST THE UNITED STATES — JURISDICTION OF STATE COURT. — An indictment for the crime of extortion, committed by the defendant in obtaining money from another person, under fear induced by threats to accuse him of a crime against the laws of the United States, charges an offense within the jurisdiction of the state court.

ID. — DEMURRER SUSTAINED TO PREVIOUS INDICTMENT — NEW INDICTMENT — EXAMINATION BEFORE MAGISTRATE — PERMISSIVE STATUTE. — Where a demurrer was sustained to a previous indictment, and the case was referred to a second grand jury, under section 1008 of the Penal Code, the defendant may be tried under a new indictment; and the provision of that section, that after such order of resubmission the defendant " *may* be examined before a magistrate, and discharged or committed by him as in other cases," is not mandatory, but merely permissive.   The word *may*, in such case, has its ordinary meaning, and is not to be construed as *must*.

ID. — EVIDENCE — STATEMENTS OF DEFENDANT BEFORE GRAND JURY — DURESS NOT INVOLVED. — Statements made by the defendant before the grand jury, not amounting to a confession, may be proved

against him, and no question of duress or menace is involved in proof thereof.

ID.—STENOGRAPHER AS WITNESS—READING FROM NOTES—REFRESHING RECOLLECTION.—The stenographer who took the testimony given before the grand jury may testify as to the testimony then given by the defendant, and may read from the notes taken thereof, by way of refreshing recollection of the testimony.

ID.—SUPPORT OF VERDICT—DEGREE OF OFFENSE—REVIEW UPON APPEAL.—Where there is evidence tending to support the verdict of the jury, though it may appear weak, and though it may seem to indicate that the law would have been satisfied with a verdict for an offense less in degree, this court cannot review or set aside the verdict.

APPEAL from a judgment of the Superior Court of El Dorado County and from orders denying a new trial and denying a motion in arrest of judgment. M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

F. Adams, James W. Keyes, and Clarke Howard, for Appellant.

Tirey L. Ford, Attorney-General, and Abe Darlington, District Attorney, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of extortion, and appeals to this court. By the indictment it was alleged that defendant obtained thirty dollars from one Greenwald under fear induced by threats upon the part of defendant to accuse him (Greenwald) of the "crime of having, in violation of the laws of the United States of America, sold and delivered cigars in a form other than in a new box not before used for the purposes of packing cigars therein." In substance, it may be said that defendant threatened to accuse Greenwald of violating the United States revenue laws, and under fear induced by such threat secured from Greenwald the aforesaid sum of thirty dollars.

It is insisted that the facts alleged do not constitute an offense against the laws of the state of California, but, upon the contrary, constitute a crime exclusively within the jurisdiction of the Federal courts. We find nothing in this contention. The defendant is charged with the crime of extortion,— an offense directly within the jurisdiction of the state courts. He is not charged with a violation of a Federal statute, but

with a violation of a state statute.    He threatened to accuse a
man with the commission of a crime.    It makes no difference
if that crime be one solely triable in the Federal courts, for
defendant is not being tried for that crime.    If he had threat-
ened to have Greenwald arrested upon the charge of counter-
feiting the money of this country, and was charged with the
crime of extortion for that reason, clearly his offense would be
one against the laws of this state.    It would be extortion, as
defined by the Penal Code of this state, and this court would
not be concerned as to whether or not defendant's crime was
also punishable under Federal laws.    The court finds no sub-
stantial defect in the indictment, and the demurrer thereto is
not well taken.

A demurrer to a previous indictment laid against defendant
was sustained, and the case referred to a second grand jury,
which grand jury returned the indictment now before the court.
It is insisted that defendant's second prosecution should have
been based upon a preliminary examination, and an informa-
tion filed thereon.    There is no merit in this position.    When
section 1008 of the Penal Code says that after such order of
resubmission the defendant "may be examined before a magis-
trate," the word *may* takes its usual ordinary meaning, and is
not to be construed as *must.*

The stenographer who was present and took the testimony
before the grand jury was sworn as a witness, and testified as
to certain evidence given by defendant before that body.    This
evidence in no sense amounted to a confession, and hence no
question of duress or menace upon the part of defendant at the
time he gave his testimony is involved herein.    Under such
circumstances, defendant's statements, whether made in the
grand-jury room, at the trial, or extrajudicially, may be used
against him, and we see no error in their admission here.    The
stenographer had the right to read from her notes of his evi-
dence taken at the time, if she was so inclined.    The statute
contemplates that she may thus refresh her recollection.    (Code
Civ. Proc., sec. 2047; *Burbank* v. *Dennis*, 101 Cal. 104.)

We find nothing further in the record demanding considera-
tion.    While the evidence tending to support the verdict in
this case is very weak, we are not prepared to say it is insuffi-
cient.    Owing to the peculiar circumstances of the case, and
the character of the evidence relied upon to support the ver-
dict, we think the law would have been well satisfied with a

judgment finding the defendant guilty of a misdemeanor. But that is a matter beyond review by this court.

For the foregoing reasons the judgment and orders are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.