[Crim. No. 14.   Second Appellate District.—August 12, 1905.]

## THE PEOPLE, Respondent, v. JAMES COWAN, Appellant.

CRIMINAL LAW—REMARK BY JUDGE—ERROR WITHOUT PREJUDICE.—In a criminal prosecution an improper statement made by the judge during the course of the trial in the presence and hearing of the jury, as to the effect of certain evidence, which could only have been favorable to the defendant's theory of the case, is without prejudice.

ID.—CROSS-EXAMINATION—FRATERNAL RELATION.—It is permissible upon cross-examination to show the fact of relationship, fraternal or otherwise, existing between the witness and the party in whose interest he is called, as tending to affect his credibility.

ID.—MURDER AND MANSLAUGHTER—CONSPIRACY—INSTRUCTIONS.—In a prosecution for murder, where the evidence showed that the defendant was one of several conspirators who were prepared to go to any extent to carry out their unlawful design, and had so agreed, and that the deceased was killed during the carrying out of such design, it is proper to charge the jury in effect that if such a conspiracy existed, and the same was established beyond a reasonable doubt, and that the deceased was killed by a shot fired in furtherance of the unlawful design, they should find the defendant guilty, notwithstanding they might have a reasonable doubt as to whether the defendant actually fired the fatal shot.

APPEAL from an order of the Superior Court of Kern County and from an order refusing a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

ALLEN, J.—Defendant was by information accused of murder, and was convicted of manslaughter; and from the judgment and order denying a new trial he prosecutes this appeal.

The record discloses that defendant and a number of others conspired together to commit an unlawful act, by taking forcibly from a jail the deceased, who was a prisoner therein, and applying to his person a coat of tar and feathers. After such a conspiracy was formed, the defendant armed himself with a gun and joined his co-conspirators at the jail, where the same was broken open and the prisoner rushed therefrom into the crowd of conspirators on the outside. Shortly after he emerged from the building, and when the deceased was but a few feet therefrom, a shot was fired by the defendant at him, and almost immediately thereafter he was grappled by another one of the crowd, and while engaged in a scuffle with the party who had seized hold of him, another shot was fired and the deceased thereupon sank to the ground, or was thrown down by his assailant, his clothing torn from his body, and crude oil and feathers applied. The deceased was then carried back to the jail building and the crowd separated. It is evident from the character of the injury inflicted by the fatal shot that the deceased was dying, if not already dead, when the oil and feathers were applied. The testimony is convincing that defendant actually fired the first shot, and there was ample testimony to justify the jury in determining that he fired the second shot as well. Strange as it may seem, it appears affirmatively from the record that none of the participants were punished, or any attempt made in that direction by the authorities, except this proceeding against defendant, in which case the jury satisfied its conscience by a verdict of manslaughter.

Notwithstanding the brutal character of the crime, and the undoubted guilt of the defendant, he, nevertheless, on this

appeal insists that the judgment should be reversed upon purely technical grounds. Chief among these is, that the court erred in expressing an opinion as to the weight of evidence in the presence and hearing of the jury. This statement was induced by reason of expert testimony to the effect that it was not possible for deceased, owing to the character of the wounds, to have taken a step after being shot, that paralysis must have necessarily ensued immediately. The statement of the court was in effect that it was evident that he was not paralyzed when he was running, nor when he was scuffling with his assailant. If there was any error or impropriety in such statement, it was in support of defendant's theory, who was seeking to establish that, while he did fire the first shot, some one else fired the second. The effect of this statement of the court could only have been favorable to defendant's theory, and he should not be heard to complain.

The next objection is, that the action of the trial court in permitting the district attorney to interrogate a witness as to his membership in the same miners' union of which defendant was a member was error. This was perfectly competent. It is permissible upon cross-examination to show the fact of relationship, fraternal or otherwise, existing between the witness and the party in whose interest he is called, as tending to affect his credibility. For the purpose of fully weighing the evidence of any witness, the jury are entitled to know his bias or feelings in the case, if any there be. (*People* v. *Wong Chuey,* 117 Cal. 626, [49 Pac. 833].) It is elementary that the state of mind of a witness as to his friendship or hostility towards the parties is proper matter for investigation. (*People* v. *Thomson,* 92 Cal. 509, [28 Pac. 589].)

It is insisted further that the court erred in certain of its charges to the jury. The crime charged was murder. There was evidence received and circumstances shown to exist warranting the conclusion that the conspirators were prepared to go to any extent to carry out their unlawful design, and had so agreed. That a mob formed to commit an outrage upon a defenseless prisoner is found to be armed with deadly weapons is a strong circumstance tending to show that their determination and understanding was that, if need be, deadly weapons would be used to effectuate their design. Under

these circumstances, it was entirely proper to charge the jury that, if such a conspiracy existed, and to the extent last above stated, ''and the same was established beyond a reasonable doubt, that even should you still have a reasonable doubt in your minds as to whether defendant actually fired the shot that killed the deceased, and still you believe beyond a reasonable doubt he fired a shot feloniously at the deceased, and about the same time, or shortly afterwards, another shot was feloniously and with malice aforethought fired at the deceased, which caused his death, and that said shot was fired feloniously in furtherance of the unlawful design and conspiracy so entered into by defendant and the other person or persons, that under such circumstances it will be the duty of the jury to find the defendant guilty, and then to determine from the evidence and instructions of the court whether it is murder in the first degree, murder in the second degree, or manslaughter.'' We perceive no error in this, or in any of the instructions given by the court. (*People* v. *Holmes*, 118 Cal. 456, [50 Pac. 675].)

There was no error in refusing a new trial, the application for which was based upon the ground of newly discovered evidence, where it appears that such newly discovered evidence is cumulative only in its character.

Judgment and order affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on October 6, 1905.