FRED FELICE v. STATE.

No. A-3307—Opinion Filed July 12, 1920.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 251.)

(Syllabus.)

1. WITNESSES—Cross-Examination. A witness may be asked on cross-examination any question which would tend to test his bias, prejudice, or interest in the case.

2. APPEAL AND ERROR—Discretion of Court—Reopening Case. It is within the discretion of the trial court to reopen the case for the purpose of admitting rebuttal evidence, and unless a clear abuse of discretion is shown no question is presented for review on appeal.

3. JUDGMENT AND SENTENCE—When Court to Assess Punishment. Where the jury finds a verdict of guilty and do not declare the punishment in their verdict, the court shall assess and declare the punishment and render judgment accordingly.

4.    **APPEAL AND ERROR—Modification of Judgment.** In the interest of justice, the Criminal Court of Appeals has authority to modify and reduce the sentence imposed in the trial court.

*Appeal from District Court, Latimer County;*

*W. H. Brown, Judge.*

Fred Felice was convicted of the crime of shooting with intent to kill, and he appeals.

*A. A. O'Malley* and *Harris & Lackey,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.   Fred Felice was charged by information in the district court of Latimer county with the crime of shooting at another with intent to kill, the charging part of the first count of the information being as follows:

"That the said defendant, Fred Felice, did on or about the 4th day of July, 1917, and in the county and state aforesaid, then and there wrongfully, willfully, intentionally, unlawfully, and feloniously shoot at and attempt to shoot another, to wit, one Irving Edge, with a certain firearm, to wit, a pistol which he, the said Fred Felice, had and held in his hands, with a wrongful, willful, unlawful and felonious intent to kill him, the said Irving Edge."

The jury returned the following verdict:

"We, the jury impanelled and sworn in the above-entitled cause, do upon our oaths find the defendant, Fred Felice, guilty of attempt to kill as charged in the first count of the information, and we assess his punishment at imprisonment in the state penitentiary for a term of ——."

"J. R. Frazier, Foreman."

Upon the foregoing verdict, after overruling the mo-
tion for a new trial, the court sentenced the defendant
to confinement in the state penitentiary at McAlester for
the term of seven years. From this judgment of con-
viction, the defendant has appealed to this court, and
relies upon the following assignments of error as grounds
for reversal of this judgment: (1) That the court erred
in overruling the objections of the defendant to certain
questions propounded by the attorneys for the state to
the defendant's witnesses on cross-examination as to
whether or not such witnesses were members of a certain
lodge or local to which the defendant belonged and known
as the W. C. U.; (2) that the court erred in not permit-
ting the defendant after the case was closed and before
the instructions were read to the jury, to introduce cer-
tain testimony for the purpose of rebutting the testimony
of one Felton Pugh, who testified for the state in rebuttal;
(3) that the court erred in giving instructions Nos. 23,
24, 25, and 26; (4) that the court erred in pronouncing
judgment on the verdict. The respective assignments of
error will be considered in the order set out above.

Was it reversible error for the trial court to permit
counsel for the state, on the cross-examination of the de-
fendant's witnesses, to ask said witnesses if they belonged
to the same fraternal organization as the defendant? We
think it a sound principle of law that on the cross-ex-
amination of a witness he may be asked as to any matter
which tends to disclose his friendliness or bias in favor
of either party to the litigation for the purpose of affect-
ing the witness' credibility.

The case of *People v. Cowan,* 1 Cal. App. 411, 82 Pac.
339, appears to be directly in point on this question in

which it was held by the Court of Appeals of California that—

"The membership of a witness in the same labor union as the party for whom he is testifying may be shown to affect his credibility."

While the exact question has never been passed upon by this court, it has been held that upon cross-examination, a witness may be asked any question which would tend to test his bias, prejudice, or interest in the case. *Henry v. State,* 6 Okla. Cr. 430, 119 Pac. 278; *Gilbert v. State,* 8 Okla. Cr. 543, 128 Pac. 1100, 129 Pac. 671; *Gibbons v. Terr.,* 5 Okla. Cr. 212, 115 Pac. 130.

It is also provided, as part of the statutory law of this state, that no judgment of conviction shall be reversed in a criminal case because of the improper admission of evidence, unless after an examination of the entire record this court is of the opinion that the admission of such evidence probably resulted in a miscarriage of justice, or deprived the defendant of some constitutional or statutory right to his prejudice. Section 6005, Revised Laws 1910.

It is the opinion of this court that the cross-examination of the witnesses for the defendant on the subject of their relationship to the defendant, whether fraternal or otherwise, was permissible as tending to affect the credibility of the witness in showing that close fraternal ties and obligations existed between the witness and the defendant. In admitting such evidence the court ruled that it was admissible only for the purpose of showing the friendliness of the witness to the defendant.

While this case was tried at a time when this govern-

ment was waging war against a foreign enemy, and the organization referred to in the cross-examiner's question was probably known to be in bad repute and not in full accord with the governmental policy in respect to said war, we fail to perceive, in view of the foregoing statute and decisions, wherein the error complained of is sufficiently prejudicial to authorize a reversal of this judgment, which is based on a valid charge, supported by competent evidence tending to establish the defendant's guilt.

Did the court err in refusing counsel for the defendant the opportunity to introduce evidence in surrebuttal of the witness Pugh after both sides had closed the case? It was within the discretion of the trial court to reopen the case for the purpose of admitting this testimony, and unless a clear abuse of discretion is shown no question is presented for review on appeal. *Shires v. State,* 2 Okla. Cr. 89, 99 Pac. 1100; *Hampton v. State,* 7 Okla. Cr. 291, 123 Pac. 571, 40 L. R. A. (N. S.) 43; *Wood v. State,* 11 Okla. Cr. 176, 144 Pac. 391; *Dix v. State,* 15 Okla. Cr. 559, 179 Pac. 624; *Tingley v. State,* 16 Okla. Cr. 639, 184 Pac. 599.

No manifest abuse of such discretion appears in this case. While the defendant asked leave of the court to reopen the case and introduce testimony in rebuttal of Felton Pugh's testimony, and such request was denied and excepted to by counsel for the defendant, there is no showing whatever as to what witnesses would have been used by the defendant or as to what their testimony would have been had the court permitted the defendant to reopen the case for this purpose. We find no merit in this contention.

The assignment that the court erred in giving in-

structions Nos. 23, 24, 25, and 26 is waived in the brief of defendant's counsel.

The contention that the court erred in pronouncing judgment upon the verdict is without merit. This contention is based upon the proposition that the jury in the verdict did not assess the punishment, nor state that they were unable to agree upon the punishment. The jury, by the terms of the verdict, found the defendant guilty as charged in the first count of the information, and assessed his punishment at "imprisonment in the state penitentiary for a term of ——."

The statute upon which this prosecution is based reads as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years." Section 2336.

Under said statute, the only punishment authorized to be imposed is by imprisonment in the state penitentiary for any determinate period of time not exceeding ten years. The court, in rendering judgment, imposed a sentence of seven years' imprisonment, which was authorized under the statute.

Section 5934, Revised Laws 1910, is as follows:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall

assess and declare the punishment and render the judgment accordingly."

In *Blair v. State,* 4 Okla. 359, 111 Pac. 1003, construing the above last-quoted statutory provision, this court held:

"Where the jury returns a verdict of conviction, but fails to assess the punishment to be inflicted, it is the duty of the court to assess and declare the punishment."

Also, in *Bayless v. State,* 9 Okla. Cr. 27, 130 Pac. 520, it is held:

"The discharge of the jury without the consent of the defendant, where the jury returned a verdict of guilty and failed to agree on the punishment, is a matter in the discretion of the trial court, and its action will be conclusive, unless there appears to have been a clear abuse of discretion."

It was clearly, therefore, within the discretion of the trial court to pronounce judgment upon the verdict rendered even had defendant excepted to the reception of the verdict, which was not done in this case. Under the express terms of section 5934, supra, the court was authorized, under the circumstances disclosed by this record, to assess and declare the punishment upon the verdict returned, and the court having assessed a punishment such as was authorized by the terms of section 2336, supra, the contention urged that the trial court erred in pronouncing judgment is clearly without merit.

Another matter is presented in the brief of counsel for defendant in the nature of a request that this court modify the judgment by reducing the punishment imposed, because of the contradictory and unsatisfactory nature of the evidence and the evident prejudicial disclosure on

cross-examination of the fraternal connections of this defendant, in view of the time that the trial took place, to such an extent as would meet the ends of justice. This court has repeatedly held that, in the interest of justice, it has authority to modify and reduce the sentence imposed in the trial court. *Maddox v. State,* 12 Okla. Cr. 462, 158 Pac. 883; *Robinson v. State,* 13 Okla. Cr. 466, 165 Pac. 616; *Beaubein v. State,* 13 Okla. Cr. 440, 165 Pac. 213; *Owen v. State,* 13 Okla. Cr. 195, 163 Pac. 548; *Anthony v. State,* 12 Okla. Cr. 494, 159 Pac. 934; *Turner v. State,* 8 Okla. Cr. 11, 126 Pac. 452.

The evidence in this case is contradictory. The defendant took the witness stand in his own behalf, and testified positively that he fired no shots at the prosecuting witness, Irving Edge. Edge testified that the defendant shot at him. The occurrence took place in the dark, and prior to the firing of any shots the prosecuting witness, Edge, had committed an assault upon the defendant. The punishment imposed is severe—a greater punishment than is generally imposed in convictions for manslaughter occurring under similar circumstances. The jury evidently could not agree upon the punishment which should be imposed upon the defendant. At least the jury did not agree upon the punishment. The maximum punishment authorized is by imprisonment in the state penitentiary for a period of ten years. This court is impressed with the force of the argument of counsel for the defendant that, in the interest of justice to this defendant, the punishment should be modified, in view of the direct conflict in the evidence and the circumstances under which this alleged crime was committed.

It is the opinion of the court, therefore, that the

judgment of conviction be modified to provide imprison-
ment in the state penitentiary for a term of five years,
and the judgment of conviction is modified to that extent,
and as so modified the judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.