## RUSH McGAFFEY v. STATE.

No. A-4948.  Opinion Filed Aug. 18, 1925.
(238 Pac. 865.)

Victor A. Sniggs and Henry C. Hawkins, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error will be referred to as defendant, as in the court below.

From a conviction on a charge of receiving stolen property defendant appeals, assigning as error the insufficiency of the evidence and error of the court in admitting incompetent evidence. The record discloses that on March 13, 1922, a purse containing money and jewelry was stolen from a Mrs. Mayfield in Oklahoma City. Johnnie Graves, Edna Graves, his wife, and Arthur Williams, negroes, were arrested charged with the theft. They pleaded guilty and a part of the money and jewelry was recovered. One diamond ring of a value of $150 was not recovered, and it was for the receiving of this item of property that the defendant was convicted. Mrs. Mayfield, the owner, testified that she talked to the defendant on several occasions and he promised to return the ring and at one time offered her another diamond if she would hush and say no more about it.

W. J. Clark, chief of police, testified in substance that the defendant told him he would probably return the ring.

Graves testified that he stole the property in question, and on the same afternoon delivered the particular ring to the defendant and informed him that it was stolen; that defendant was to sell the ring, pay himself for money advanced by defendant to pay a fine assessed against the witness, the balance to be divided between the defendant and the witness. There was some circumstantial corroboration of the evidence of Graves. The defense was an alibi tending to prove that the defendant was not in Oklahoma City at the time Graves claimed to have delivered the ring to him, but on the afternoon of that date went by train to Guthrie and returned that night. All of the evidence was somewhat rambling except that of the witness Graves. The evidence of the state is sharply contradicted by the testimony of the defendant. Where the evidence is such that the jury may reasonably and logically find the guilt of the defendant a mere conflict will not be sufficient to warrant this court in interfering with the verdict,

since it is for the jury to determine whom they will believe or disbelieve. They see the witnesses and are in a position to weigh and determine the credibility which should be given to their testimony. Brimmage v. State, 17 Okla. Cr. 205, 187 P. 497.

The further assignment is made that incompetent evidence was offered by the state. It appears that in the course of the cross-examination the defendant was asked if he had been accused of crime before. It is not ordinarily proper to permit the asking of a defendant if he had been accused of crime, but the record discloses that the counsel for defendant in his examination in chief, over the objection of the state, made definite inquiry of the defendant if he had been accused of stealing, evidently for the purpose of showing good character, and on cross-examination he was asked the same questions by the state. The defendant admitted that he had been convicted of gambling. Under this state of the record, this assignment presents nothing prejudicial.

Complaint is further made that the court excluded, upon cross-examination, an inquiry by the defendant of the witness Graves in reference to charges preferred against him. This witness had already admitted that he had been convicted of a felony, and the inquiry as to charges preferred against him and not in reference to any conviction was properly excluded.

Complaint is also made that the court permitted the state to reopen its case for further cross-examination after it had closed. This was discretionary with the trial court, and no abuse of discretion is shown. Felice v. State, 18 Okla. Cr. 313, 194 P. 251. Other assignments of error are made, but they are not tenable and require no special consideration here.

Upon examination of the whole record, we are of the opinion that the case was fairly tried, the issues fairly

submitted to the jury, and the verdict is sustained by the evidence.

The case is affirmed.

BESSEY, P. J., absent, not participating.

DOYLE, J., concurs.