CRAIG WATERS v. STATE.

No. A.-7098. Opinion Filed Feb. 15, 1930.
(287 Pac. 759.)

F. H. Hurst, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tillman county on a charge of robbery with firearms, and his punishment fixed by the court at twenty-five years in the state penitentiary.

The evidence of the state is that on the 8th day of January, 1928, a number of negroes and some white men were in a small house about a mile and a half east of Davidson in Tillman county, and that they had gathered there for the purpose of playing poker and shooting craps; that while the poker game was in progress, with $19 in the pot, the defendant and Allie Warren appeared and commanded those in the house to throw up their hands, firing a shot as they did so; that defendant and Warren took the $19 in the pot, and also took money from the person of others who were in the house, together with the cards and dice.

Defendant and Warren were later arrested at Lawton, and a deck of cards and some dice taken at the time of the robbery were found on their person. When arrested they denied that they had been at Davidson, but in the trial of the case defendant admitted that he was present

during the progress of the poker game, but claimed that by means of stripper cards and crooked dice the money had been taken from him and that he merely forced the crowd to give him back his own money. There is sufficient evidence in the record to support the verdict of the jury, and the cause must be affirmed unless the errors of law complained of by the defendant have deprived him of his constitutional or statutory rights.

The defendant contends that the state failed to establish the venue. The information charged that the offense was committed in Tillman county, Okla. The proof shows that the offense was committed about one and one-half miles from the town of Davidson in Tillman county, but does not show that Tillman county is in the state of Oklahoma. This court takes judicial notice that Tillman county is in the state of Oklahoma. The proof of the state was sufficient to establish the venue in Tillman county, Okla.

The defendant next contends that the court erred in rendering judgment upon the verdict of the jury, which reads as follows:

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the defendant, Craig Waters, guilty as charged, and leave the penalty to be fixed by the court.

"H. E. Fisher, Foreman."

When the jury returned its verdict, the following record was made by Mr. Hurst, attorney for the defendant:

"Now comes the defendant and requests the court to request the jury to fix the penalty in this case. We ask the jury be discharged and the verdict not received.

"The Court: Overruled.

"Mr. Hurst: Note our exceptions."

The defendant did not request the court to instruct the jury to fix the penalty, but the court on its own motion instructed as follows:

"In the event you find the defendant guilty, then you should assess and declare in your verdict the penalty to be inflicted if you can agree upon the same. In the event you find the defendant guilty and are unable to agree upon the penalty to be inflicted then you may return your verdict of guilty without fixing the penalty and the court will then perform that duty."

Section 2750, C. O. S. 1921, provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

Section 2751, C. O. S. 1921, provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

Section 2743, C. O. S. 1921, provides:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

The defendant contends that although the court instructed the jury that they might fix the punishment, and since the jury not only failed to fix the punishment but

failed to state in their verdict that they were unable to agree upon the punishment, such verdict is an informal one under section 2743, supra, and that by reason of the failure of the jury to state in their verdict that they were unable to agree upon the punishment the court was without jurisdiction to render judgment on the same over the objections of the defendant.

Under section 2750, supra, the jury may assess the punishment on their own motion, but must assess and declare the punishment in their verdict when timely request has been made by the defendant, except as provided in section 2751, supra. When requested by the defendant the court must instruct the jury to assess the punishment in their verdict. Under section 2751, supra, where the jury find a verdict of guilty and fail to agree on the punishment or do not declare such punishment by their verdict, then the court must assess and declare the punishment and render judgment accordingly.

In the case at bar the court properly instructed the jury as to their duty in fixing the punishment. The jury did not fix the punishment and did not state in the verdict that they were unable to agree on the punishment, but they also did not declare such punishment by their verdict as they had a right to do under section 2751, supra.

In the case of Tudor v. State, 14 Okla. Cr. 67, 167 Pac. 341, 342, in paragraph 5 of the syllabus, this court said:

"It is the duty of a trial court, when requested so to do by counsel for defendant, to instruct the jury to fix the punishment and define to them the correct penalty prescribed by law for the offense charged. In the absence of any such request, however, the court is authorized to pronounce judgment on the general verdict of guilty."

In the body of the opinion, at page 75 of 14 Okla. Cr. 167 Pac. 344, this court said:

"These statutes have been construed by this court in numerous opinions, among which are Chandler v. State, 3 Okla. Cr. 263, 105 Pac. 375, 107 Pac. 735; Blair v. State, 4 Okla. Cr. 366, 111 Pac. 1003. The identical question, however, has not been before the court heretofore. While we think it is a better practice that the court in his instruction to the jury tell them what the punishment provided by law is for the crime on trial, yet it is not necessarily fatal to the judgment for the court to fail to do so when no request is made therefor. In the instant case the court properly pronounced the judgment and sentence, and after a careful review of all the facts and circumstances disclosed by the record we feel that the judgment, although the maximum, is no more than should have been imposed." Bland v. State, 18 Okla. Cr. 514, 196 Pac. 732; Felice v. State, 18 Okla. Cr. 313, 194 Pac. 251; Whitfield v. State, 37 Okla. Cr. 37, 256 Pac. 68.

The court having properly instructed the jury upon fixing the punishment, and the jury having failed to declare the punishment in the verdict, it was within the discretion of the court to receive such verdict, and having received the verdict, the court was authorized to enter judgment and fix the punishment thereon.

The defendant next contends that the punishment fixed by the court is excessive. The jury in the case of State v. Allie Warren, who was an accomplice of the defendant in the commission of the offense and who was jointly charged with defendant, fixed Warren's punishment at five years in the penitentiary. It appears from the record that Warren was the man who used the gun and fired the shot at the time of the robbery. The court is of the opinion that the punishment is excessive and the ends of justice will be met by reducing the said punish-

ment from twenty-five years in the penitentiary to five years in the penitentiary.

The judgment is therefore modified, and the punishment fixed at five years in the penitentiary, and as, modified the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.