[Crim. No. 262. Fourth Appellate District.—November 2, 1934.]

THE PEOPLE, Respondent, v. J. LABH SINGH et al., Appellants.

Harry W. Horton and De Forrest Home for Appellants.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Elmer W. Heald, District Attorney, and H. A. Wolford, Deputy District Attorney, for Respondent.

MARKS, J.—Appellants, together with the defendants who have not appealed, were charged in two separate indictments with conspiring to violate the Alien Land Law. The cases were tried together, the appellants convicted and judgments pronounced upon them. They are here on appeal from the judgments and from the orders denying their motions for new trial.

The cases were tried before the decision of *Morrison* v. *People of the State of California*, 291 U. S. 82 [54 Sup. Ct. 281, 78 L. Ed. 664]. The attorney-general concedes that under authority of that case the judgments and orders denying motions for new trial must be reversed.

Under authority of section 1252 of the Penal Code, the attorney-general has requested us to pass upon two questions that become important in the event of a second trial. These questions are: 1. Was the contract between the California-Nevada Farming Company and J. Labh Singh a contract of employment at a fixed wage, or a cropping contract? 2. Did the trial court err in refusing to permit the testimony of a defendant given before the grand jury to be introduced in evidence at the trial?

Appellants object to our answering the first question. They assert that as section 1252 of the Penal Code provides that the attorney-general may ask the appellate court to "pass upon all rulings of the trial court to the state", and that since the ruling of the trial court in holding the contract in question a cropping contract was in favor of the state, we are not required to answer the question. The soundness of this argument must be admitted.

However, we have examined the contract, and the cases cited, and have no hesitation in saying that we do not question the correctness of this ruling of the trial judge.

The correct general rule governing the admissibility, as primary evidence, of testimony of a defendant given before

a grand jury is stated in *People* v. *O'Bryan*, 165 Cal. 55, at page 62 [130 Pac. 1042], as follows: "Here the defendant, when brought before the grand jury, was in custody under an accusation of guilt of the crime under investigation. Taken into the presence of that body by the sheriff, sworn and examined without the aid of counsel, and without any instructions as to his rights, it cannot be said that his submission to the interrogation was in any fair sense voluntary. The great preponderance of authority is that testimony so given by a defendant is not to be used against him. (*United States* v. *Kimball*, 117 Fed. 156, 163; *Boone* v. *People*, 148 Ill. 440 [36 N. E. 99]; *State* v. *Clifford*, 86 Iowa, 550 [41 Am. St. Rep. 518, 53 N. W. 299]; *State* v. *Froiseth*, 16 Minn. 296 (Gil. 260.) Of the cases cited to support the admission of this testimony, the only one which need be noticed is *People* v. *Sexton*, 132 Cal. 37 [64 Pac. 107], in which this court used the following language: 'Defendant's statements, whether made in the grand jury room, at the trial, or extra-judicially, may be used against him, and we see no error in their admission here.' The report of the decision does not disclose the conditions under which the defendant in the Sexton case testified before the grand jury. It may well be assumed that no accusation had been made against Sexton, or that he gave his testimony voluntarily, with full knowledge of his right to remain silent. In either of these events his declarations were properly admitted in evidence at the trial." This general rule is subject to the following modifications in conspiracy cases. "The rule allowing statements or declarations of one conspirator to be given in evidence as against his coconspirator requires not only that the conspiracy be pending and its object not consummated when the statements or declarations are made, but also that such statements, in order to be admissible, must be in aid and furtherance of the common purpose or design of the conspiracy. The rule is stated in Cyclopedia of Law and Procedure (vol. 8, p. 680): 'Acts or declarations of a conspirator cannot be admitted as against a coconspirator, unless such acts were performed or declarations made in aid or execution of the conspiracy.' And as to the admission of such statements or declarations, it is said in *People* v. *Irwin*, 77 Cal. 494, 504 [20 Pac. 56, 59]: 'No declarations except those made "dur-

ing the pendency of the conspiracy and in furtherance of its objects'' can be used against a coconspirator. Declarations showing past acts, or expressing merely the opinion or desire of the conspirator making them, are not binding upon any one except himself, or those in whose presence they are made.' '' (*People* v. *Smith*, 151 Cal. 619, at pp. 625, 626 [91 Pac. 511].)

■ The testimony in question, which the trial court excluded, was that of defendant W. J. Robbins who was acquitted by the jury. The question is moot as far as the introduction of this testimony as a declaration against interest by Robbins is concerned as he cannot be retried. The testimony sought to be introduced is not in the record. The proffer made by the district attorney is so meager that we cannot determine that the questioned ruling in excluding the evidence against the coconspirators was error even if we indulge in the questionable assumption that Robbins was a conspirator after he was found not guilty of the conspiracy. For these reasons the second question cannot be answered on the record before us.

The judgments against appellants and orders denying motions for new trials are reversed and new trials are ordered.

Barnard, P. J., and Jennings, J., concurred.