[Crim. No. 2799. Second Appellate District, Division Two.—November 13, 1935.]

THE PEOPLE, Respondent, v. FRANCES KRUG et al., Defendants; STAFEN GANCHIAN, Appellant.

Chotiner & Chotiner for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Appellant was convicted after trial by jury of burglary in the second degree. This appeal is from the judgment and from the order denying his motion for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Appellant was indicted for burglary of the house of Mrs. Mayer between 1 and 4 o'clock P. M. on April 24, 1935. Personal property of a value of approximately $3,000 was taken  Mrs. Burke, the next door neighbor of Mrs. Meyer, on the date of the burglary was sitting on her front porch, less than fifteen feet from the driveway of Mrs. Mayer's home, about 3 o'clock in the afternoon, and saw a man leaving the house with a bulging suitcase. He walked to the corner and turned east. About five or ten minutes later a second man came out of the house through the front door, and continued in the same direction as the first man. This second man, Mrs. Burke positively identified as appellant.

Appellant, after being advised by his counsel to stand on his constitutional rights and refuse to testify, was taken before the grand jury, where he was directly accused of having burglarized the home of Mrs. Mayer, and replied to said accusation, ''I don't know.''

Appellant, an Armenian, denied the charge and offered evidence of an alibi.

Appellant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the verdict and judgment;*

*Second: It was prejudicial error for the clerk of the trial court in reading the charge to the jury to precede it by reading, ''Burglary—three counts; Count Three is for a further and separate cause of action, but a different offense of the same class of crimes and offenses as the charges set forth in counts one and two hereof,'' as on a previous trial appellant was acquitted of the offenses charged in counts one and two;*

*Third: The trial court committed prejudicial error in (a) sustaining an objection to appellant's offer to prove that a*

*codefendant was acquitted by a jury of a similar charge after being identified by Mrs. Burke as the man who preceded appellant from Mrs. Mayer's home on April 24, 1935; (b) overruling objections of appellant to questions asked by the prosecution pertaining to the nationality of certain of appellant's witnesses; (c) permitting, over objection, the prosecution to read an accusatory statement and alleged answer made before the county grand jury; (d) permitting, over objection, the prosecution to examine appellant while a witness as to his whereabouts on two dates which were identical with the dates of the burglary alleged in counts one and two of the indictment.*

*Fourth: The district attorney committed prejudicial error in commenting to the jury upon the alleged failure of appellant to testify before the grand jury.*

*Fifth: The trial court committed error in summarily denying appellant's oral application for leave to file a written application for probation.*

■ As to appellant's first contention, we have examined the record and are of the opinion there was sufficient evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty was predicated. (*People* v. *Dukes, supra.*)

■ Appellant strenuously urges that the jury should have believed the evidence tending to establish his alibi. This was a question of fact as to which the evidence was conflicting, and the jury's finding upon such evidence is conclusive in this court. (*People* v. *Dukes, supra.*)

■ The second proposition upon which appellant predicates error may not be urged in this court for the reasons (a) that no objection was made to the reading of the objectionable words nor (b) was the court asked to admonish the jury to disregard the words as read. (*People* v. *Gonzales,* 69 Cal. App. 609, 611 .[231 Pac. 1014].)

Appellant in his third contention claims the court committed prejudicial error in:

■ (a). Sustaining an objection to appellant's offer to prove that a codefendant was acquitted by a jury of a similar charge after being identified by Mrs. Burke as the man who preceded appellant from Mrs. Mayer's home on April 24th, This evidence was clearly immaterial, as it did not tend to

prove or disprove any issue in the trial. The ruling was correct.

■ (b) Overruling objections of appellant to questions asked by the prosecution pertaining to the nationality of certain of appellant's witnesses. Appellant, an Armenian, attempted to prove an alibi. It was proper for the prosecution to examine the witnesses as to their nationality, not for the purpose of implying that Armenians are to be distrusted or viewed with suspicion, but on the theory that witnesses of the same nationality might testify more favorably for a fellow countryman than if not so related. This rule is clearly stated by Mr. Justice Garoutte in *People* v. *Thomson,* 92 Cal. 506, 509 [28 Pac. 589], as follows:

"It is elementary law, supported by all authority, that the state of mind of a witness as to his bias or prejudice, his interests involved, his hostility or friendship toward the parties, are always proper matters for investigation, in order that truth may prevail and falsehood find its proper level. If the inner workings of a witness' mind are actuating his testimony, and the workings of that mind are brought forth to the light and held up in full view before the jury, results will be obtained much more in accord with truth and justice than though the witness' testimony is weighed and measured by his words alone."

In *People* v. *Cowan,* 1 Cal. App. 411, 413 [82 Pac. 339], Mr. Justice Allen says:

"It is permissible upon cross-examination to show the fact of relationship, fraternal or *otherwise,* existing between the witness and the party in whose interest he is called, as tending to affect his credibility. For the purpose of fully weighing the evidence of any witness, the jury are entitled to know his bias or feelings in the case, if any there be. (*People* v. *Wong Chuey,* 117 Cal. 624, 626 [49 Pac. 833].) It is elementary that the state of mind of a witness as to his friendship or hostility towards the parties is proper matter for investigation. (*People* v. *Thomson,* 92 Cal. 506, 509 [28 Pac. 589].)" (Italics ours.)

■ (c) Permitting, over objection, the prosecution to read an accusatory statement and alleged answer made before the county grand jury. The alleged accusatory statement was as follows:

"Q.—Have you ever been on the property at 1077 Hi Point Avenue in Los Angeles? A.—I don't know. Q.—Mr. Ganchian, I am directly accusing you of having burglarized the home of Mrs. Reba Mayer at 1077 Hi Point Avenue on the 14th day of April of this year. What have you to say to that? A.—I don't know. Q.—I am directly accusing you of having, in company and in conspiracy with Vahan Rejebian, John Rankin and Joe Messina and Frances Krug, burglarized the home of Mrs. Reba Mayer at 1077 Hi Point Avenue on April the 24th, 1935. What have you to say to that? A.—I don't know.''

The statement of a defendant made in the grand jury room with full knowledge of his right to remain silent after an accusation has been made against him is admissible evidence at the trial. (*People* v. *O'Bryan*, 165 Cal. 55, 62 [130 Pac. 1042] ; *People* v. *Sexton*, 132 Cal. 37, 39 [64 Pac. 107] ; *People* v. *Singh*, 1 Cal. App. (2d) 729, 731 [37 Pac. (2d) 481].) In the instant case it was stipulated that appellant was advised of his constitutional rights prior to going into the grand jury room. The foregoing testimony therefore was admissible. In addition the trial judge properly instructed the jury that a defendant's refusal to testify before a grand jury is not evidence against him. Therefore, if, as contended by appellant, the statement was not an admission but merely a signifying of his refusal to testify before the grand jury, the instruction cured any error in the admission of the evidence.

■ (d) Permitting, over objection, the prosecution to examine appellant while a witness as to his whereabouts on two dates which were identical with the dates of the burglaries alleged in counts one and two of the indictment. As to this alleged error, the trial court ordered the questions and answers stricken from the record and instructed the jury to disregard the testimony thus stricken. It will be presumed that the jurors were true to their oaths and followed the admonitions and instructions of the court. (*People* v. *Burkhart*, 211 Cal. 726, 733 [297 Pac. 11].)

■ The fourth proposition presented by appellant may not be urged in this court for the reason that he did not lay the proper foundation in the trial court for review here. Unless the harmful result of the alleged misconduct of the district attorney cannot be obviated by appropriate instruc-

tions of the trial court, a defendant may not predicate error in this court in the absence of (a) assignment of such alleged misconduct as error and (b) a request to the trial court to instruct the jury to disregard it. (*People* v. *Sieber*, 201 Cal. 341, 356 [257 Pac. 64].) Appellant did not request the trial judge to instruct the jury to disregard the alleged misconduct, although the harm might well have been obviated by appropriate instructions.

■ Appellant's final contention that the court committed error in summarily denying appellant's oral application for leave to file a written application for probation is without merit. It is within the discretion of the trial court to summarily deny such an application. (Sec. 1203, Pen. Code; *People* v. *Howe*, 1 Cal. App. (2d) 518 [36 Pac. (2d) 820]; *People* v. *Bill*, 140 Cal. App. 389 [35 Pac. (2d) 645].)

The judgment and order are, and each is, affirmed.

Crail, P. J., concurred.

Wood, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 23, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.