175 P.2d 204

Ex parte DECKER.

DECKER v. BOIES, Sheriff.

No. 4688.

Supreme Court of Arizona.

Dec. 10, 1946.

Snell, Strouss & Wilmer, of Phoenix, for appellant.

John L. Sullivan,, Atty. Gen., and Maurrice Barth, Asst. Atty. Gen., for appellee.

MORGAN, Judge.

Appellant was charged in the justice court of Maricopa county with the crime of conspiracy to violate the Alien Land Law, Art. 2, Chap. 71, § 71-201 et seq., A. C.A. 1939. The specific charge made in the complaint was that appellant had in 1941 given a lease to Iiko Kishuyama, an American citizen, the minor daughter of Kajuiro Kishuyama, a citizen and subject of Japan, for the purpose of circumventing the provisions of sec. 71-201, A.C.A. 1939, the father being the real lessee who went into

possession of the property and continued in possession under the lease so made to his daughter.

Other than extrajudicial statements made by the Kishuyamas about two years after the execution of the lease, the only evidence offered against appellant at the preliminary hearing was to the following effect. Appellant and his wife were the grantees of the property. The Kishuyama family during 1941 grew some flowers and cultivated a small patch of vegetables on the land, a tract of five acres. In July, 1943 the Kishuyama family were living in a house on the premises. During the year 1943 appellant advised investigators that he had entered into a lease with Iiko Kishuyama, but had canceled it upon the advice of his attorneys after he had discovered she was not of legal age. He then gave a lease to Yoneko Kishuyama, an American citizen, who was somewhere in Utah. The second lease was given about September, 1941 for a one-year period. There was no renewal of this lease and appellant advised the investigators that the Kishuyamas were on the property illegally.

None of the defendants testified. Appellant was bound over for trial. A petition for habeas corpus was filed and writ issued upon the ground that no competent evidence had been adduced to disclose a conspiracy or an offense under the Act. Appellant was admitted to bail. Upon the return of the writ a hearing thereon was had and the superior court quashed the writ of habeas corpus. From the order so entered, this appeal was taken.

By proper assignments appellant raises the following issues. There was no proof showing or tending to show that the Kishuyamas were aliens; there was no evidence of criminal knowledge or intent on the part of the appellant in entering into the lease arrangement, or which proved or tended to prove that appellant intended to or actually did conspire with those charged as parties to the conspiracy; section 71-210 is unconstitutional and void as a denial of due process, under the Fourteenth Amendment to the Const. of the United States, and sec. 4 of Art. 2 of the Const. of Arizona, in so far as it places on appellant the burden of disproving that the persons with whom he dealt were within the prohibited class of persons.

■ We have before us the record of testimony taken at the preliminary examination, and which appellant relies upon as supporting his claims. This record was submitted to the superior court at the time of the hearing on the writ. No other testimony was introduced than appears in this transcript. We have fully examined the testimony, and are of the opinion that all of the issues made by the appellant on this appeal should be decided in his favor. Aside from the proof of statements made by the alleged coconspirators approximately two years after the execution of the lease charged as the basis of the offense, there is no evidence showing or tending to show

that Kajuiro Kishuyama is an alien. It is conceded that his daughter, to whom the lease was given, was an American citizen, nor is there anything in the evidence which would show or tend to show that Yoneko Kishuyama, to whom the second lease was given, was not an American citizen.

If the extrajudicial statements made by the two Kishuyamas to the county attorney and to the investigators in 1943 could be considered as proof against appellant, the evidence might be considered as sufficient to warrant binding over the appellant under the charge laid against him. At the preliminary hearing the state did not attempt to offer the statements made by the Kishuyamas as evidence against the appellant, but only against the persons making such statements.

The rule seems to be settled that statements made by claimed coconspirators which are not in furtherance of the conspiracy are not admissible against any person other than the one making such statement. An out-of-court or extrajudicial statement of an alleged coconspirator not in furtherance of the conspiracy is not admissible against a coconspirator where made in his absence. This rule is established by the great weight of authority. The rule seems to be clearly stated in People v. Singh, 1 Cal.App.2d 729, 37 P.2d 481, 482: "* * * 'The rule allowing statements or declarations of one conspirator to be given in evidence as against his co-conspirator requires, not only that the conspiracy be pending and its object not consummated when the statements or declarations are made, but also that such statements, in order to be admissible, must be in aid and furtherance of the common purpose or design of the conspiracy. The rule is stated in Cyc., vol. 8, p. 680: "Acts or declarations of a conspirator cannot be admitted as against a co-conspirator, unless such acts were performed or declarations made in aid or execution of the conspiracy." And, as to the admission of such statements or declarations, it is said in People v. Irwin, 77 Cal. 494, 504, 20 P. 56, 59: "No declarations except those made 'during the pendency of the conspiracy and in furtherance of its objects,' can be used against a co-conspirator. Declarations showing past acts, or expressing merely the opinion or desire of the conspirator making them, are not binding upon any one except himself, or those in whose presence they are made." ' People v. Smith, 151 Cal. 619, at pages 625, 626, 91 P. 511, 513."

Only such statements as are made during the progress of the conspiracy and in furtherance of its objects are admissible. McPhee v. People, 105 Colo. 413, 98 P.2d 997; Jones Commentaries on Evidence, 2d Ed., vol. 2, sec. 943. Admissions of a coconspirator must be a part of and in furtherance of the conspiracy before they become competent evidence against a claimed coconspirator. Jones Com. sec. 943, supra.

The statement of the United States Supreme Court, in Logan v. United States,

144 U.S. 263, 12 S.Ct. 617, 632, 36 L.Ed. 429, clearly indicates the conditions under which such admissions may be proven as against an alleged coconspirator: "Doubtless, in all cases of conspiracy, the act of one conspirator in the prosecution of the enterprise is considered the act of all, and is evidence against all. United States v. Gooding, [25 U.S. 460,] 12 Wheat. 460, 469, [6 L.Ed. 693]. But only those acts and declarations are admissible under the rule, which are done and made while the conspiracy is pending, and in furtherance of its object. * * *."

■ The evidence at the preliminary hearing in so far as appellant is concerned must be considered as if the statements of the coconspirators did not appear therein. In brief, all that the competent evidence which may be considered discloses is that the appellant executed a lease to a Japanese girl, an American citizen, which he thereafter canceled on the advice of his counsel because she was a minor, and then executed a lease for the period of one year to another Japanese woman who was an American citizen. There is testimony that some Japanese people lived on the tract and cultivated it for a period, but there is no testimony in the record that any of these Japanese were aliens, and not citizens, other than certain statements made by the two alleged coconspirators which, as we have seen, cannot be considered. There was no proof submitted showing or tending to show that appellant knew or had reason to believe at the time of the execution of the lease that Kajuiro Kishuyama was an alien.

■■ Unless the provisions of sec. 71-210, supra, validly operate to place upon the appellant the burden of proof that the Kishuyamas were citizens or eligible to become citizens, it seems obvious to us that the State's case lacked a vitally essential fact in showing the commission of any crime by the appellant. To support a charge for a violation of sec. 71-208, A.C.A.1939, it must be shown that at least one of the coconspirators was an alien, ineligible to become a citizen. This is evident from the terms of the Act. Aliens who are not eligible to citizenship may not acquire interests in land. Japanese subjects are not eligible to citizenship under the laws of the United States, (U.S.C.A., Title 8, § 703, note 33), and do not have a right to acquire interests in lands under any treaty. Takiguchi v. State, 47 Ariz. 302, 55 P.2d 802; sec. 71-201, supra.

■ The fact of the alien and ineligible status of the coconspirator must exist before there can be a violation of the law. This is recognized in sec. 71-210, A.C.A. 1939, which specifically provides for such proof in all actions, civil or criminal, brought under the Act. The statute was adopted in 1933, and is similar in purpose and effect to a California statute which was construed in the case of People v. Morrison, 218 Cal. 287, 22 P.2d 718. The California supreme court held that in an action for conspiracy to violate the Alien Land Law

of that jurisdiction, the burden to show eligibility to citizenship was upon the defendant. We do not believe that our statute is susceptible to the same construction. It is our view that the burden of proof in a criminal case rests upon the state. To hold otherwise would be violative of both the Fourteenth Amendment to the Const. of the United States, and to sec. 4 of Art. 2 of the Const. of Arizona, as a denial of due process. The Morrison case was, upon appeal to the United States Supreme Court, reversed by unanimous opinion of that court, in Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 286, 78 L.Ed. 664. The court said:

" * * * The statute makes it a crime to put an ineligible lessee into possession as the result of a willful conspiracy to violate the law. Nothing in the people's evidence gives support to the inference that Morrison had knowledge of the disqualifications of his tenant or could testify about them. What was known to him, so far as the evidence discloses, was known also to the people, and provable with equal ease. Only an arbitrary mandate could charge him with guilty knowledge as an inference of law if it were proved that Doi was not a citizen or eligible to become one. Still less can he be charged with such knowledge when Doi's disqualification is itself a mere presumption (the alleged coconspirator). In such circumstances the conviction of Morrison because he failed to assume the burden of disproving a conspiracy was a denial of due process that vitiates the judgment as to him. * * *."

The testimony fails to make out a case of conspiracy under the provisions of the Act. It would appear that appellant was committed without reasonable or probable cause, and we think the opinions of this court in Re Sanders, 23 Ariz. 20, 201 P. 93, 17 A.L.R. 980, and In re Beaver, 23 Ariz. 24, 201 P. 94, are controlling. Under the provisions of sec. 44-3312, A.C.A.1939, "Where a party has been committed on a criminal charge without reasonable or probable cause", he is entitled to be discharged. See also secs. 44-320 to 44-322, A.C.A.1939, providing that a defendant in a criminal case may be held to answer only upon probable cause.

The appellant should have been discharged under the writ.

The order quashing the writ is set aside and the case remanded with directions to discharge the appellant.

R. C. STANFORD, C. J., and PATTERSON, Superior Judge, concur.

Justice Arthur T. LaPRADE being disqualified, the Honorable W. E. PATTERSON, Superior Court Judge of Yavapai County, was called to sit in his stead.