## CRILLEY vs. THE STATE.

*Practice— Writ of error—Instructions to jury in criminal action.*

1. When a cause is brought to this court by writ of error, the original papers should not be sent up, but a certified copy.
2. A writ of error does not lie where there is no final judgment.
3. Where the jury, in a criminal case, were instructed that the burden was upon the state of proving the defendant's guilt, and he must be presumed innocent unless the whole evidence satisfied them beyond a reasonable doubt that he was guilty, it was not error to refuse to instruct them further, in so many words, "that the burden of proof did not *shift*, during the trial, to the defendant."
4. The indictment being for larceny, it was not error to instruct the jury that if they were satisfied that the property so stolen was, within a short time afterwards, found in the possession of the prisoner, the burden devolved upon him of showing how he came by it, otherwise he may be presumed to have obtained it feloniously; especially when the court proceeded further to instruct them that "such presumption might be rebutted by the circumstances proved," and that it was "a presumption of fact, and if the evidence led to a reasonable doubt whether the presumption was well founded, that doubt would avail in favor of the accused."

ERROR to the Municipal Court of the City and County of *Milwaukee.*

The bill of exceptions in this cause is no longer on file in this court; but the essential facts will sufficiently appear from the opinion.

*E. Fox Cook*, for plaintiff in error.

*Chas. R. Gill*, Attorney General, for the state.

Downer, J.   The writ of error in this case must be dismissed, as there is no final judgment.   Still it is insisted that, inasmuch as there is a bill of exceptions signed by the judge who tried the case, it is properly here under the provisions of chapter 180, R. S., and we ought to proceed and decide upon the errors alleged.

The bill of exceptions on its face shows that it was made with a view to a writ of error, and the original papers are sent up by the clerk of the municipal court, and not a copy as the law requires where the case is certified to this court on exceptions.   The original papers ought not to be sent up when the case is removed to this court by writ of error, but a certified copy.   We have, however, at the request of the attorney general and of the counsel for the defendant below, examined the alleged errors.   They are, that the court below refused to give the first and fifth instructions asked by the defendant below.

By the first instruction, the court was asked to charge the jury that " the burden of proof of every material fact alleged in the indictment is on the prosecution, and *does not shift during the trial to the defendant.*"   If the municipal court had charged the jury that the burden of proof did shift during the trial to the defendant, it would undoubtedly have been error ; but we do not think his refusal to charge in so many words that it did not shift, especially when we take into consideration the instructions given, was error.   The true rule is, that the burden of proof is upon the state to prove the guilt of the defendant, and that he is presumed innocent unless the whole evidence in the case satisfies the jury, beyond a reasonable doubt, that he is guilty.   And the court so instructed the jury.   But the counsel for the plaintiff in error contends that the court did charge the jury that the burden of proof during the trial shifted.   The charge referred to is, that if the jury find that the property was stolen and belonged to Van Cott, " and that any part of the property so stolen was within a short time after-

wards found in the possession of the prisoner, the burden devolves upon him, of showing how he came by it ; otherwise he may be presumed to have obtained it feloniously." We do not think this was or could have been understood by the jury as an instruction that the burden of proof shifted or changed from the prosecution to the defendant, on the defendant being proved in possession of the stolen goods soon after they were stolen.    It is clearly only to the effect that there might or would be a presumption from such possession of the guilt of the prisoner, unless he accounted for the possession.    And the court then further told the jury that such presumption might be rebutted by the circumstances proved ; also, in the third instruction asked by the defendant and given, that such presumption was a presumption of fact, and if the evidence led to a reasonable doubt whether the presumption was well founded, that doubt would avail in favor of the accused.

The fifth instruction asked by the defendant below, and refused, was in substance, though not in terms, given.    On the whole, we are satisfied that the charge of the court was as favorably to the prisoner as the law would permit, and that there was no error to his injury.    We advise the municipal court to proceed and render judgment on the verdict.

*By the Court.*—The writ of error is dismissed, and the papers, with a copy of this opinion, ordered to be remitted to the court below.