ROHRIG v. PEARSON.

EXAMINATION OF WITNESS — REFERENCE TO MEMORANDA.— A witness may refresh his memory by reference to memoranda of the dates, weights and prices entered by himself at the times certain sales were made.

*Appeal from District Court of San Juan County.*

Messrs. N. E. SLAYMAKER and J. T. WENTWORTH, for appellant.

Mr. F. W. INGERSOLL, for appellee.

Per Curiam.  Appellant was the proprietor of a meat market in the town of Silverton, and appellee was a dealer in cattle at or near Durango.  Appellant purchased beef for his business from time to time from appellee's duly authorized agent at Silverton, one Spaulding.  Appellant failing to pay for all of the cattle purchased, appellee brought suit in the court below, and recovered a balance of $1,010.65.

There is strong ground for the belief that this appeal from the above-mentioned judgment was taken purely for delay.  The alleged error relied on may almost be characterized as frivolous.  Counsel for appellant have contented themselves with a legal argument of one paragraph, covering less than half a page, and without the citation of a single authority; besides, they have not complied with the rule of this court in relation to abstracts.  Although the evidence introduced at the trial is more than eighty folios in length, and although the objection urged rests entirely upon the evidence, yet that which purports to be an abstract contains but a single paragraph, which merely states the objection relied on, by way of argument, and does not contain a word of proof.  Under these circumstances, affirmance of the judgment without consideration of the error assigned, and with a pecuniary penalty for trifling with appellee's rights, would be entirely justifiable.

However, these matters will be passed this time, and the alleged ground of reversal will be briefly noticed.  By examination of the transcript we find that Spaulding, appellee's agent, while upon the witness stand testifying to the quantity of beef sold and delivered, was permitted to refresh his memory from a memorandum or pass book which he kept, recording the sales to appellant.  It is claimed that the court erred in its ruling in this behalf.  These entries purported to give the weight of the beef sold, together with the date of each specific sale.  The witness testified that they were all in his own handwriting, and were made at or about the times of the particular transactions.  In most instances he weighed the beef himself, but in some

cases it was weighed by appellant or by appellant's agent in the witness' absence, and the weights given him by one or the other and recorded immediately afterwards.

Recourse to data or memoranda, written under such circumstances, for the purpose of refreshing the witness' memory, is often had. The rule sanctioning such practice is founded upon excellent reason and established by ample authority.

The judgment of the court below is affirmed.

*Affirmed.*

Mr. Justice Hayt took no part in the consideration of this cause.