### The People v. David J. McWhorter.

*Criminal law—Burden of proof—Instructions to jury.*

It is error to instruct the jury in a criminal case that, if they find that the people have made a case which convinces them beyond a reasonable doubt of the respondent's guilt, the burden of proof shifts, and it is incumbent upon him to introduce evidence to restore the original presumption of innocence which the law raised in his favor.

Error to Kent. (Adsit, J.) Argued November 17, 1892. Decided December 2, 1892.

Respondent was convicted of rape, and sentenced to the State prison for 8 years. Judgment reversed. The facts are stated in the opinion.

93 Mich.—41.

*Nathan P. Allen,* for respondent.

*A. A. Ellis,* Attorney General, and *William F. McKnight,* Prosecuting Attorney, for the people.

LONG, J.　The respondent was convicted in the circuit court for Kent county of the crime of rape.　In his general charge the court instructed the jury as follows:

" At the outset of this trial the respondent stands before you surrounded with the presumption of innocence.　The burden is upon the prosecution to remove this presumption of innocence which surrounds him by evidence of guilt sufficient to satisfy you beyond a reasonable doubt of its truth.　The respondent can rest secure until the prosecution have satisfied you by good and sufficient evidence, beyond a reasonable doubt, that he is guilty as charged. You will, therefore, first consider the evidence introduced and received on the part of the prosecution, and, unless it satisfies you beyond a reasonable doubt of the guilt of the respondent, you need examine the case no further, and return a verdict of ' Not guilty.'　On the other hand, if such evidence satisfies you beyond a reasonable doubt that the respondent is guilty of the charge set forth in the information, then it becomes your duty to examine the evidence offered and received on the part of the respondent, for the presumption of innocence has been then removed, and the burden is then on him to satisfy you by evidence received in the case sufficient to contradict the evidence offered by the prosecution, and restore the original presumption of innocence on the part of the respondent; and in that case, unless the presumption by evidence offered and received on rebuttal should have contradicted, or satisfied you that the evidence so offered by the respondent was untrue, or on the whole was insufficient to remove from your minds the conclusion that the respondent is guilty beyond a reasonable doubt, you will acquit him."

This was error.　The people must make their case by evidence which convinces the jury, beyond a reasonable doubt, that the respondent is guilty of the crime charged against him.　The presumption of innocence is only removed when the people have made such a case.　The

charge of the court was based upon the theory that if the jury found that the people had made a case which convinced them beyond a reasonable doubt that the respondent was guilty as charged, then the burden of proof shifted, and it was incumbent upon the respondent to introduce evidence to restore the presumption of innocence. This is not so in criminal trials. The burden is always upon the people during the whole trial to prove the respondent guilty as charged. In the present case the respondent introduced proof of his good character only, and offered no other testimony. The jury may well have understood from the charge that, if the people had made their case, the jury might then consider the proof of good character, and, if from that they were satisfied the respondent was innocent, they could acquit, but that the burden was upon the respondent to overcome the case the people had made. In *Baker v. State,* 80 Wis. 421, the court below charged the jury as follows:

" After the state had introduced its evidence, it became necessary for the defendant to overthrow the presumption which such evidence has created, and the burden of proof rested upon the defendants to account for the money which was proven to have been in their possession."

The supreme court said of this charge:

" This certainly comes perilously near being an instruction that the burden of proof shifted during the trial to the defendant, and we think a jury would so understand it. Within the rule laid down in *Crilley v. State,* 20 Wis. 231, we hold this to be error."

See, also, the following cases: *Sullivan v. People,* 31 Mich. 1; *People v. Pearsall,* 50 Id. 233; *People v. Howard,* Id. 240; *People v. Millard,* 53 Id. 63; *People v. Coughlin,* 65 Id. 705; *People v. Aikin,* 66 Id. 460; *People v. Murray,* 72 Id. 10; *People v. Macard,* 73 Id. 25; *People v. Potter,* 89 Id. 353.

We need not discuss the other questions raised.

The verdict and judgment must be set aside, and the cause remanded for a new trial.

The other Justices concurred.