## BROOKE v. THE PEOPLE.

1. PRACTICE—CHALLENGING JURORS.

The particular disqualifying fact must have been specified in a challenge of a juror for cause interposed in apt time, or the objection will not be considered on review.

2. EVIDENCE—BRANDS—IDENTIFYING MARKS.

Testimony as to brands on cattle alleged to have been stolen is admissible to identify the animals, if expressly limited to this purpose, notwithstanding there may be no proof of the record of the brands.

3. EVIDENCE—VENUE IN CRIMINAL CASES.

It is not indispensable that the venue be proved in a criminal case by positive testimony. It may be inferred from the proof of other facts.

4. PRACTICE IN CRIMINAL CASES—DISCRETION—OPENING REST.

The order of proof is generally within the discretion of the trial court, and it is within its discretion to permit either the prosecutor or the defendant to introduce evidence after closing his case.

5. SAME—REASONABLE DOUBT.

If by the testimony, whether introduced in his own behalf or by the prosecution, the defendant in a criminal case succeeds in raising in the minds of the jury a reasonable doubt as to any essential element in the case, he is entitled to an acquittal.

6. INSTRUCTIONS—RECENT POSSESSION OF STOLEN GOODS.

Instructions are free from error if, considered together as a whole, the jury must have understood therefrom that in order to remove the impression produced by the fact of the defendant's possession of the stolen goods recently after the theft, as a circumstance tend-

ing, in connection with the other evidence in the case, to show guilt, he must explain such possession, but that he might do this either by conclusively establishing the fact that he honestly and in good faith bought the chattels, or by proof far short of this, sufficient only to raise a reasonable doubt that he dishonestly obtained such possession.

*Error to the District Court of Arapahoe County.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

THE ATTORNEY GENERAL, and Mr. F. P. SECOR and Mr. L. W. DOLLOFF, of counsel, for the People.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff in error, as defendant below, was tried and convicted of the larceny of live stock, and sentenced to the state reformatory. To set aside the sentence he prosecutes his writ of error in this court.

1. The first error assigned is that the court improperly overruled the defendant's challenge for cause to the juror Mason upon the ground that he was summoned on open venire from the bystanders, and had served upon a jury in a court of record within one year then last past, which, under Session Laws of 1891, p. 250, sec. 4, operates as a disqualification.

This assignment, under the facts, is without merit. When the challenge was interposed, the only objection urged before the trial court was that the juror had served upon the regular panel in a court of record within one year then last past, but not until after verdict was the attention of the court called to the fact (if fact it was) that the juror had been drawn for this particular jury on open venire from the bystanders. The court expressly overruled the challenge upon the ground that the disqualification did not apply to a juror summoned upon the regular panel. The practice of concealing, or omitting to call to the attention of the trial court, the disqualifying fact, at such time as that, if presented, the error would not have

been committed, or an opportunity would have been given for passing upon the real objection, and then seeking for the first time to take advantage of it upon review, cannot be tolerated. *Dill v. The People*, 19 Colo. 469.

2. A witness for the prosecution, over the objection of the defendant, was permitted to give testimony as to certain brands upon the cattle alleged to be stolen, which was not followed up by proof that the brands were recorded, as required by our statute. The court, however, admitted this testimony, as expressly stated, to show the identity between the cattle found in the defendant's possession and the cattle as lost by the owner, and not for the purpose of showing ownership. For the purpose of identification, to which this proof was expressly limited, the ruling of the court was correct. *Chesnut v. The People*, 21 Colo. 512.

3. It is also assigned for error that the evidence was insufficient to support the verdict in this case, and that if it tended to establish any crime at all, it was that of receiving stolen property, knowing that it was stolen, with which offense, however, the defendant was not charged. With a view to determine this assignment, we have carefully examined the evidence, and while it is, as is usual in such cases, conflicting, there certainly was some evidence, and legally sufficient, tending to establish each of the material allegations of the information.

4. Another point made is that, over defendant's objection, the court heard testimony in rebuttal which the prosecution should have produced in chief, that the venue of the offense was not sufficiently proved, and that some testimony as to the venue was introduced in behalf of the people after the prosecution had closed its case, and after a motion for a dismissal of the case had been made by counsel for the defendant upon the ground, *inter alia*, that the venue had not been established. The venue was sufficiently established. It is not indispensable that it be proved by positive testimony. It may be inferred from proof of other facts. 1 Wharton Crim. Law (10th ed.), sec. 928. The order of proof is gen-

erally within the discretion of the trial court, and it is likewise within its discretion to permit either party to introduce evidence after closing his case. It is only where such discretion has been abused to the prejudice of the party complaining that a reversal therefor will be granted. There is nothing in this case which shows any abuse of discretion. The testimony of the witness Stansfield, admitted in rebuttal, was properly received, for it directly contradicted the defendant's claim that he bought of Stansfield the cattle in question. The rulings of the court complained of in this particular are upheld. *Yeoman v. The State*, 21 Neb. 171; *People v. Tidwell*, 4 Utah, 506; *Commonwealth v. Meaney*, 151 Mass. 55; *Jordan v. The State*, 22 Fla. 528.

5. The court instructed the jury, among other things, that where property had been stolen and recently thereafter was found in the possession of the defendant, the burden of giving a satisfactory explanation of such possession was cast upon the defendant, and if in this he failed, the jury might, if in other respects the evidence warranted it, find him guilty; and if he succeeded, it was their duty to acquit. The defendant then excepted to that part of the instruction which cast upon the defendant the burden of satisfactorily explaining the possession " because the law is that he must give such explanation only as will raise a reasonable doubt in the minds of the jury; " whereupon the court immediately added to the instruction the following: " You must be satisfied from the testimony in the case beyond a reasonable doubt of the guilt of the defendant before you can find him guilty."

The charge was a general one, given orally by consent of the defendant's counsel, and in other and previous portions of the charge the court had even more fully laid down the law upon this particular branch of the case, and in connection therewith, as well as in still other paragraphs, had repeatedly stated to the jury that if they had any reasonable doubt as to any essential or material element of the crime charged, it was their duty to acquit the defendant.

The point made by the defendant, viz., that if by any testimony, whether that introduced in his own behalf or by the prosecution, he succeeds in raising in the minds of the jury a reasonable doubt as to any essential element in the case, including the element of possession of stolen property, they should find him not guilty, is good; and if, in its charge, the court violated this rule, it would be our duty to set aside a verdict and sentence to which such an instruction contributed. But considering all of the instructions of the court together, as should be done, especially when the court immediately after the defendant saved his exception, as just stated, again impressed upon the jury that it was their duty to acquit if there was any reasonable doubt in their minds as to defendant's guilt, we are satisfied that the jury were not misled or misinformed by this instruction of which complaint is made. They must have understood only that, in order to remove the impression produced by the fact of possession as a circumstance tending, in connection with the other evidence in the case, to show guilt, the defendant must explain such possession. That he might do this, either by conclusively establishing the fact that he honestly and in good faith bought the cattle, or by proof, far short of this, sufficient only to raise a reasonable doubt that he dishonestly obtained possession, was clearly conveyed to the jurors' minds. In this view there was no error. *People v. Ah Ki*, 20 Cal. 178; *Fisher v. State*, 46 Ala. 717; *Hall v. State*, 8 Ind. 439; *Crilley v. State*, 20 Wis. 231; *State v. Hodge*, 50 N. H. 510; *State v. Richart*, 57 Iowa, 245.

The foregoing are the only propositions we deem necessary to consider. Perceiving no prejudicial error in the record, the judgment is affirmed.

*Affirmed.*