## Huddleston v. Commonwealth.

(Decided September 28, 1916.)

## Appeal from Clinton Circuit Court.

Intoxicating Liquors—Criminal Prosecutions—Evidence.—In a prosecution for violating the local option law, where the prosecuting witness states that the place of sale, according to his best judgment, was within the local option territory, but that some people said that it was just over the line outside of such territory, and that he was not absolutely certain as to whether it was within or without such territory, in the absence of testimony showing the exact location of the boundary line, a verdict finding the defendant guilty will not be disturbed; especially when it is shown that the defendant resided in the local option territory, and operated a distillery therein, and that the place of sale was indisputably within a few feet of the line.

E. BERTRAM for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The appellant, Allen Huddleston, was indicted for and convicted of selling intoxicating liquors in Clinton county, where the local option law was in force. Upon the trial he was fined sixty dollars and twenty days in jail, and from the judgment rendered upon the finding of the jury he prosecutes this appeal.

The testimony of the prosecuting witness, A. B. Russell, to whom the sale is alleged to have been made, is, in substance, that he went to the residence of the appellant, who procured a small beer bottle and filled it from a jug containing about two gallons of whiskey, and that the witness laid a quarter on the top of a table in the room where the whiskey was obtained; that he went there for the purpose of buying the whiskey, and that he left the quarter on the table to pay for it. Continuing, the witness says:

"I do not know whether the room we were in is in Kentucky or in Tennessee, it is right at the line. I never saw the line run; I have always thought it was in Kentucky; my best judgment is that it is in Clinton county, Kentucky, but some people claim that the state line runs through the house, and that the room we were in is in Tennessee, but I do not know and can not state which state it is in."

It was admitted that the local option law was in force in Clinton county. The defendant neither testified himself nor did he offer any evidence in support of his plea of not guilty.

We will waste no time upon the discussion of the old and musty trick of leaving the quarter on the table, since it is the settled rule in this court that no such trick can be permitted to evade a violation of the local option law, as is shown by an unbroken line of decisions from this court; the efficiency of such a defense, if it ever had any, has been completely exploded.

The only contention made before us for a reversal is that the sale is not shown to have been made in Clinton county, Kentucky, but, on the contrary, that the evidence shows that it probably may have been made in the state of Tennessee. We do not regard the point raised, under the facts shown, worthy of serious consideration. The witness himself says that his best judgment is that the place where he obtained the whiskey is in Clinton county, Kentucky, and if there was nothing

more, by way of circumstances, or otherwise, this state-
ment would justify the conviction. Moreover, there is
a maxim in the law to the effect that *lex non curat de
minimis*, and the enforcement of the law, as well as the
punishment of the offender, should not surrender to the
quibblings over the location of lines forming the bound-
ary of the venue of the offense.

Judgment affirmed.