PEOPLE *v.* MAY.

1. APPEAL AND ERROR—HEARSAY EVIDENCE—STRIKING OUT TESTIMONY.

The defendant in a criminal case cannot predicate error on the fact that certain testimony given by a witness for the people on direct examination stated a conclusion, was hearsay and was not the best evidence where such fact was developed only on cross-examination, and although the testimony was originally given under objection and exception, no motion to strike was made after the cross-examination.

2. CRIMINAL LAW—LARCENY—EVIDENCE—INSTRUCTIONS.

In a prosecution for larceny, evidence of the finding in defendant's trunk, in which the specific property named in the indictment was secreted, of other property also stolen from the complaining witness, was competent as one of the circumstances of the finding of the property named and also as tending to identify the defendant with the transaction, and, in any event, not misleading in view of the court's charge to the jury.

3. SAME—LARCENY—POSSESSION OF STOLEN PROPERTY—PRESUMPTIONS.

The possession of recently stolen property raises a *prima facie* presumption that the possessor is guilty of the theft.

4. SAME.

The presumption of guilt arising from the possession of recently stolen property is not a conclusive one and may be overcome by evidence.

5. SAME.

The more remote the theft in point of time, the weaker is the presumption of guilt arising from the possession of the stolen property.

6. SAME—INSTRUCTIONS.

An instruction as to the presumption of guilt arising from the possession of recently stolen property, *held*, not misleading, when considered as a whole, on the question of the burden of proof, especially since there was direct and positive proof of the defendant's guilt and the presumption was not relied on to make out a *prima facie* case.[1]

Error to superior court of Grand Rapids; Dunham, J. Submitted October 11, 1917. (Docket No. 164.) Decided December 28, 1917.

Wallace May was convicted of larceny of goods of the value of more than $25, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Affirmed.

---

[1] On the question as to whether possession of recently stolen goods is evidence of burglary, see note in 12 L. R. A. (N. S.) 199.

*Corie C. Coburn* and *Irving H. Smith,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Fred P. Geib,* Assistant Prosecuting Attorney, for the people.

BIRD, J. Respondent was convicted of the larceny of a leather handbag and several articles of cutlery from the store of Heyman Company, in the city of Grand Rapids, of the value of $34.93. It was the theory of the people that respondent, in February, 1917, was on intimate terms with one Frank Martin, who was employed as a night watchman in the Heyman store, that it was respondent's habit to visit Martin while he was on duty, and that on these occasions he took quite a large amount of merchandise, which was afterwards discovered in his trunk at a paint shop where he had taken it to have some lettering done.

1. Herbert G. Heferan, manager of the Heyman store, testified, under objection and exception, that the items of property mentioned in the information were on January 1, 1917, the property of the Heyman Company, and that they had never been sold. The objections to this testimony are that it was a conclusion of the witness, was hearsay, and not the best evidence. The basis of these objections is the reply which the witness made when asked, upon cross-examination, how he knew that the articles were the property of Heyman Company. He explained that the card index showed all goods which went into the several departments of the store, and when sold they were checked out. Upon direct examination the witness positively identified the articles as belonging to the Heyman Company. Counsel's objection was overruled at the time, and properly so; as nothing had yet appeared as to the source of his knowledge. After the cross-

examination developed that the witness relied principally upon the card index, or perpetual inventory, no motion was made by counsel to strike out the testimony. The failure to so move deprives respondent in this court of any benefit of the point, even if it be regarded as a meritorious one.

2. Complaint is made because Martin, the night watchman, was permitted to testify that certain rugs and curtains stolen from the Heyman store were found in the trunk along with the articles named in the information. The ground of the objection was that it "proves different crimes than the one under which this man is charged." The testimony was clearly incompetent for this purpose, but we think it was competent as one of the circumstances of finding the property, and also as tending to identify the respondent with the transaction. *People* v. *Nagle,* 137 Mich. 88 (100 N. W. 273) ; 25 Cyc. p. 141. The jury could not have been misled as to the purpose of this testimony, as the court instructed them fully for what purpose it could be used. After enumerating the property mentioned in the information, the court said to them:

"Now, those are the goods only that the respondent is charged with stealing in this case. He could not be convicted for stealing anything else, if he did steal anything else; and, so far as the other articles are concerned that you see over on the table, they were introduced in evidence as being in the trunk at the time it was claimed the trunk was opened and these articles were found that are charged in the information in this case to have been stolen. They could have no possible bearing in this case in any way except as identifying the respondent here, or perhaps tending to show the intent with which the things were taken, if you should find they were taken by the respondent, that are mentioned and described in the information in this case. The respondent is not charged with stealing such things as lace curtains, rugs, bedspreads,

and other things, and is only charged with taking the things that I have read from the information."

3. Counsel assigns error on the following instruction:

"Now, if you find that these goods were in the possession of this respondent here, has he explained away that presumption satisfactorily to you? If you find that these goods were in his possession shortly after they were stolen, if you find they were stolen, then I say the presumption that would arise as to his guilt, if any, is not conclusive, and can be overcome, but it is the duty of the respondent to overcome that."

The point raised against this instruction is that it placed the burden of proof on respondent to establish his innocence. The foregoing excerpt taken from the charge, standing by itself, is open to criticism because it comes very nearly doing what counsel claims for it. The jury may have understood that, if they found certain things to be true, the burden of proof shifted to the respondent. *People* v. *McWhorter*, 93 Mich. 641 (53 N. W. 780); *Baker* v. *State*, 80 Wis. 421 (50 N. W. 518). But we think this excerpt should be considered together with the entire instruction on that question. It follows:

"If you find that that property at any time was in May's possession, if you find that the property was in the trunk, and if you find that the trunk was in his possession, and if you find that he took that trunk down and put it in the basement, then this property was in his possession. Was it stolen property, and if it was stolen property, how long was that after it was stolen, if it was stolen at all from the Heyman Company? Was it soon after or long after? I think the only testimony upon the question is that it was there in the store in January and was found to be missing later. Because it is the rule, and I will state it to you not from memory, that if one is found in possession of stolen goods shortly after they are taken, a presumption arises that the party in whose possession those goods are found is the thief, if the goods were

stolen; and it is always considered as a circumstance bearing upon the probability of respondent's guilt in taking them. It is a circumstance which may, if unexplained, raise a presumption of guilt. It is a presumption, however, that may be overcome by other evidence. It is not a conclusive presumption. Possession of stolen property within a short time after it is alleged to have been stolen raises a presumption of guilt; but it is not a conclusive presumption, but one which may be overcome by other facts and circumstances in the case, and which you may believe to be true. And the further away from the time the goods were stolen that they are found in the possession of a man the weaker is the presumption as to his guilt. Now, I say, if you find that these goods were in the possession of this respondent here, has he explained away that presumption satisfactorily to you? If you find that these goods were in his possession shortly after they were stolen, if you find they were stolen, then I say the presumption that would arise as to his guilt, if any, is not conclusive, and can be overcome; but it is the duty of the respondent to overcome that. But in the end, considering all of the testimony, the burden is upon the people to satisfy you of the respondent's guilt beyond a reasonable doubt."

Considering the instruction as a whole, is it likely the jury were misled into the belief that the burden of proof shifted to defendant upon the whole case to establish his innocence? The instruction contains a very clear statement of the presumption and under what circumstances it would arise. Its application to the present facts was explained in detail, and whatever misgiving they might have had with reference to it must have been cleared up by the closing sentence of the instruction that:

"In the end, considering all of the testimony, the burden is upon the people to satisfy you of the respondent's guilt beyond a reasonable doubt."

It should also be taken into consideration in determining this question that the people were not rely-

ing upon the presumption to make a *prima facie* case. There was direct and positive proof that defendant took the articles charged in the information.

Upon the whole record we think the judgment of conviction should be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.