## No. 9484.

## BROCK v. THE PEOPLE.

1. EVIDENCE—*Judicial Notice*, taken of the location and boundaries of every county, as well as the name and location of the county seat.

2. CRIMINAL LAW—*Venue—Evidence.* The people must show that the crime was committed in the county named in the information. But this may be inferred from all the evidence; e. g., where the prosecutor, testifying in the court sitting at the county seat of Sedgwick County, deposed that he lived on a farm in the county 3½ miles west, and ½ mile south, and that his hogs were stolen, from this farm, *held* the jury were warranted in finding that the larceny was committed in that county.

It was said that the witness in testifying as to the distance of the farm must of course mean from the place where he was giving testimony.

*Error to Sedgwick District Court, Hon. H. P. Burke, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. RALPH E. C. KERWIN, Assistant Attorney General, for The People.

Mr. Justice Garrigues delivered the opinion of the court:

DEFENDANT below, Ray Brock, was charged with the larceny of eight hogs, in Sedgwick County, Colorado, of the aggregate value of $64.00, the property of John Hewgley. The trial, May 28, 1918, was in the District Court at Julesburg, Sedgwick County, and defendant was convicted and sentenced to the penitentiary. The only assignment of error to be considered is that there was no proof of venue; that is, the county in which the crime was committed.

The evidence shows beyond a reasonable doubt the larceny of the hogs within the state. The county in which they were stolen constituted no essential part of the crime; that is, whether they were stolen in one county or another had nothing to do with the substance of the crime, which

was stealing the hogs. The county or venue in which the offense was committed, concerned not the essence of the crime, but the place of trial and the court in which the accused should be prosecuted. It was, therefore, necessary for the people to allege and prove the venue, and the jury were instructed that, unless the evidence showed the crime was committed in Sedgwick County, they should find defendant not guilty.

We take judicial notice of the political subdivisions of the state; judicially we know where Sedgwick County is, its size and boundaries, and that Julesburg is the county seat, and its location within the county. During the trial at Julesburg, the prosecuting witness, when on the witness stand, stated that he lived on his farm in Sedgwick County, three and one-half miles west and one-half mile south, which of course meant from the place where he was then testifying. The hogs were stolen from this farm during his absence, and the jury were warranted in finding that it was in Sedgwick County. Venue is a matter that may be inferred from all the evidence in the case.

*Brooke v. The People,* 23 Colo. 375, 377, 48 Pac. 502.

Application for supersedeas denied and judgment affirmed.

Decision *en banc.*

Mr. Justice Teller not participating.