No. 14,610.

McPhee *v.* The People.
(98 P. [2d] 997)

Decided January 29, 1940.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Deputy, for the people.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

McPHEE, plaintiff in error, was charged with and convicted of larceny of an automobile. He is here seeking reversal of the judgment.

The errors to which we limit our consideration may be comprehended in one proposition, to wit, the admission in evidence, over defendant's objections and exceptions, of testimony concerning conversations between a coconspirator and a police officer, and which did not take place in the presence of defendant.

The evidence of the people discloses that McPhee conversed with two alleged conspirators, named Schoepflin and Martin, relative to the disposition of stolen automobiles. As contended by the people, there is sufficient evidence to indicate that Schoepflin and Martin were coconspirators with McPhee in the contemplated larceny. Before the commission of the substantive crime Chief of Police Boyer, of Englewood, Colorado, sent for Schoepflin and Martin, and at the subse-

quent meeting they disclosed to him in detail McPhee's conversations with them. On the trial Schoepflin and Boyer testified to these conversations. Following this disclosure by Schoepflin and Martin, Boyer entered into an arrangement with them to apprehend McPhee in the act of delivering stolen cars. At the time the automobile here in question was delivered, the garage in which it was located was surrounded by police officers, but no one saw McPhee, and his conviction rests very largely upon the testimony of Schoepflin and Martin. Chief Boyer and Schoepflin were permitted to testify to the conversations occurring between them, when defendant was not present, as to the manner in which McPhee wanted to dispose of stolen cars. This evidence clearly was hearsay. Only such statements as were made by McPhee, Schoepflin or Martin during the progress of the conspiracy and in furtherance of its objects were admissible. 11 Am. Jur., p. 573, §41; *Miller v. People,* 98 Colo. 249, 251, 55 p. (2d) 320. The statements made by Schoepflin to Boyer could not have been in furtherance of the conspiracy; in fact, they were in derogation of it. *State v. Ritter,* 197 N. C. 113, 147 S. E. 733, 734. The statements of Schoepflin to Boyer with reference to McPhee's participation in the conspiracy to dispose of stolen automobiles, while admissible against Schoepflin, under the circumstances, if he had been on trial, were not admissible against McPhee. Schoepflin, of course, could have testified as to any statements made by defendant to him in furtherance of the commission of the crime here in question, and he did so testify. We here are concerned solely with testimony about a conversation between Schoepflin and Chief Boyer, detailing McPhee's part in the conspiracy. Schoepflin's statements to Boyer were in the nature of admissions by him of his part in the conspiracy and not in furtherance of the same. If the purpose of the prosecutor was solely to show by this testimony Boyer's cooperation with Schoepflin and Martin, so as to apprehend McPhee in the per-

petration of the crime, this could have been accomplished without the evidence of statements made by McPhee to Schoepflin and Martin.

The evidence given by Boyer undoubtedly dignified Schoepflin's testimony to such an extent that it was prejudicial to McPhee. Especially is this true when we consider that the people's evidence, other than this, cannot be considered as establishing a strong case of guilt. There is no direct evidence that McPhee ever was in possession of the stolen car, nor was it found in the garage allegedly rented by McPhee to be used by him in connection with his alleged criminal operations. Defendant denied all connection with the larceny. The trial court, when overruling the motion for a new trial, stated: "There is no question but what some of the evidence adduced by the People, under the law must be regarded with a considerable amount of suspicion." This remark, from the context, seems to refer to the Schoepflin and Martin testimony.

Under these circumstances, the admission of the hearsay testimony, particularly that of Boyer, constituted prejudicial and reversible error.

The judgment of affirmance heretofore entered by this court in accordance with the provisions of section 439, Code of Civil Procedure, is vacated. The judgment of the district court is reversed and the case remanded, with directions to grant a new trial.

MR. JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE BURKE dissent.