No. 15,799.

Dustin *v.* The People.

(181 P. [2d] 457)

Decided May 19, 1947.

Mr. Ralph J. Cummings, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Dustin was convicted of the crime against nature, and of solicitation of unnatural carnal copulation and seeks reversal here on the grounds that: (1) There was

no proof of venue; and (2) the evidence was insufficient to support the verdicts.

■■ No challenge was interposed in the trial court as to venue, and no instruction given or requested thereon except the stock instruction reciting the charge in the information. Nonetheless, the proof of venue was essential and the burden of establishing it was on the prosecution. It is better practice to prove venue by direct evidence, and unfortunate that the time of courts must be taken up with argument and search of evidence on such issues when a single question propounded by the prosecutor at the trial would have avoided the issue. Venue may be proved by evidence of facts and circumstances from which it may be reasonably inferred. This is especially true where, as here, no direct issue as to venue was made at the trial except by plea of not guilty. The proper venue apparently was taken for granted, and there is no evidence to the contrary. In such a case, "It is sufficient if there is evidence from which venue can be reasonably inferred, or if, from the facts and circumstances in evidence, the only rational conclusion which can be drawn is that the crime was committed in the county alleged, or the jury was justified in finding that the crime was perpetrated in the county wherein it is alleged to have been committed." 23 C. J. S., p. 174, §914.

The boy with whom the offenses were charged to have been committed, testified that he met the defendant at the courthouse square, and went with him to his room where the offenses were committed; also that he was working at the Boutwell Art Gallery and had frequent occasion to mail packages for his employer, which he posted in the office at the Denver Dry Goods Company's store, and would stop in at defendant's room. The boy further testified that he received letters from the defendant when the latter was in Boulder, and witness was living at Byers School for Boys. Several of these letters were received in evidence. In them defendant frequently refers to coming to Denver to see the boy; that

when in Denver he will stay at the same place, the Carlton, if he can get a room there, and he repeatedly suggests their meeting there. The record shows that the defendant was arrested by the Denver police in his room at the Carlton Hotel, and he made and signed a written statement in the presence of Denver police officers in which he recited that he had lived at the Carlton Hotel for about seven months, which would include the time when the crimes were alleged to have taken place, and that, after he returned to Denver, the boy's mother called on him at his hotel and requested him to leave her boy alone. There is nothing in the record to suggest that the crimes charged occurred, if at all, outside the City and County of Denver. This evidence is sufficient to satisfy the requirement of proof of venue.

■ We have carefully read the entire, nauseating record. The testimony of the boy with whom the offences were charged to have been committed, while evidencing hesitation and embarrassment, and not entirely consistent in detail, yet definitely shows the commissions of the crimes charged, and is so corroborated by the letters written him by defendant, and by defendant's written and signed statement received in evidence properly and without objection, that more convincing proof of guilt is rarely found. No substantial error appears in the record, and the judgment is affirmed.