No. 18,117.

SAMMY ABEYTA, ET AL. *v.* PEOPLE OF THE
STATE OF COLORADO.
(305 P. [2d] 1063)

Decided January 14, 1957.   Rehearing denied February 4, 1957.

Mr. James H. Cain, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiffs in error (herein referred to as defendants) were charged in a three count information filed in the district court of Rio Grande County, Colorado, with (1) assault with intent to commit rape; (2) forcible rape, and (3) statutory rape. Defendants entered pleas of not guilty and on the trial the third count of the information was dismissed.

At the close of the People's case defendants moved for a directed verdict of not guilty on counts one and two, basing the motion on the claim that the People had "failed to prove by any competent evidence" the allegations of these counts or either of them and that the People had failed "to prove by any competent evidence that the crimes charged in the information * * * occurred in the County of Rio Grande and State of Colorado." The motion was overruled and defendants relied upon an alibi as their defense. The jury returned its verdict finding the defendants guilty of forcible rape as charged in the second count. A motion for new trial was overruled and defendants were sentenced. They bring the case here on writ of error.

For reversal it is urged (1) that the People failed to prove the venue as laid in the information, to-wit in Rio Grande County, Colorado, and (2) that the trial court

erred in refusing to give defendants' tendered Instruction No. 1.

The information charged that the offenses therein set forth were committed in Rio Grande County, Colorado.

We need not detail the facts connected with the events which culminated in the conviction of the defendants. The prosecutrix immediately after she reached her home following the commission of the alleged rape, contacted the peace officers in her community and on the next day she went with Barney Black, the town marshal of Del Norte, Colorado, to the place where she said the rape had been committed. At this place were found certain articles of wearing apparel belonging to the parties involved; three empty beer cans and certain tire tread marks of a truck. Barney Black took some pictures of the scene. The prosecutrix testified that she was forcibly placed in a truck by defendants in Del Norte, Colorado, and driven to the spot where she said she was raped by each of the defendants.

On direct examination Barney Black detailed his investigation of the scene of the alleged crime and he was asked: "Q. What county and state was this place you went to? A. The scene we went to was in Rio Grande County, Colorado." In the cross-examination of this witness appears the following:

"Q. Are you sure that this scene you photographed is in Rio Grande County? A. No, sir, I could not be sure, it's very close to the line. Q. Then I take it your statement on direct examination that this was in Rio Grande County was merely an assumption based on some friends residence, or something of the sort? A. To the best of my knowledge, it's in Rio Grande County. Q. But you are not certain? A. No, sir, not without — (unfinished) I could not be sure of it."

This testimony of Barney Black was not contradicted. Defendant offered no evidence regarding venue, neither did they tender an instruction on the subject.

Where there is some competent evidence favoring

444

the prosecution, a directed verdict of not guilty should be denied. *People v. Urso,* 129 Colo. 292, 269 P. (2d) 709. Here we have the testimony of Barney Black regarding venue, and it was the duty of the jury to evaluate all of his evidence. This, the jury did, and rendered its solemn verdict finding defendants guilty of forcible rape. By its verdict the jury determined that the alibi evidence was not true and that defendants were the perpetrators of the crime charged in the second count of the information — a completed act, not an assault with intent to commit rape. This finding necessarily included a finding that the crime was committed in Rio Grande County, Colorado. There was evidence in the record to justify such a finding.

■ Where there is no conflicting evidence, it has been held that evidence as to the venue, though slight, may be sufficient. *Baker v. State,* 55 Ga. App. 159, 189 S.E. 364; *Towler v. State,* 24 Ga. App. 167, 100 S.E. 42.

In *Huddleston v. Commonwealth,* 171 Ky. 261, 188 S.W. 366, it was held that testimony of a witness as to his best judgment may be sufficient proof of venue where it is not contradicted by other testimony nor affected by circumstances or other matters. There must, of course, be some proof of venue; however, slight evidence may be sufficient, and it is only where there is neither direct nor circumstantial evidence of venue that a judgment will be reversed because of failure of the proof establishing it.

■ In the instant case the testimony of Barney Black was uncontradicted that the scene described by him and the prosecutrix was in Rio Grande County, Colorado. Where the evidence concerning venue, as in the instant case, even though slight, is not contradicted, the jury may find that the alleged crime was committed in the county where the trial took place, and is sufficient proof of venue to justify the trial court's denial of a motion for a directed verdict of not guilty on that ground. Such action leaves to the jury the determination of all issues

raised by the information and the defendants' pleas of not guilty.

In *Tate v. People,* 125 Colo. 527, 247 P. (2d) 665, we held that it was error for the trial court to refuse the following instruction tendered by defendant: "The jury is instructed that the courts of Adams County have jurisdiction in criminal cases only of crimes which are committed in Adams County. Therefore, unless you find from the evidence beyond a reasonable doubt that the shooting and killing of Dot T. Hewitt took place in Adams County, your verdict must be not guilty." We there said: " * * * it was for the jury to be satisfied beyond a reasonable doubt, if only by inference from the circumstances, that the crime, if any, was committed in Adams County, when called to their attention by an instruction. It cannot be taken for granted. 'Venue is a matter that may be inferred from all the evidence in the case.' *Brock v. People,* 67 Colo. 389, 176 Pac. 744. * * * 'It is sufficient if there is evidence from which venue can be reasonably inferred, or if, from the facts and circumstances in evidence, the only rational conclusion which can be drawn is that the crime was committed in the county alleged, * * *.' " *Dustin v. People,* 116 Colo. 433, 181 P. (2d) 457.

In the Tate case, we also said: "The error above pointed out [failure to instruct the jury on the matter of venue] was without appreciable prejudice to this defendant, because, if her statement is to be accepted as true, then there was no crime committed so far as she was concerned in the absence of any inflammatory atmosphere, she was not prejudiced because of the location of the trial. Accepting her statement at face value, that she did not shoot deceased, and that she believed he had at last committed suicide, then, so far as she was concerned, no crime on her part had been committed; therefore, venue was of no serious consequence. In other words, if it was suicide, then the question of venue is out of place."

446

■ So here, if the statements of defendants that they were in Pueblo County, Colorado, at the time of the alleged rape, were true, then so far as they were concerned no crime on their part had been commited. "Therefore, venue was of no serious consequence." In other words, if they were in Pueblo at the time fixed by the prosecutrix when she was ravished, "the question of venue is out of place."

Instruction No. 1 tendered by defendant reads: "You are further instructed that the charge of assault with intent to commit rape includes the lesser charge of assault, as defined in these instructions." It is contended that the refusal of the trial court to give the above quoted instruction constitutes reversible error. We think not.

There is no error in the refusal of the trial court to instruct the jury on manslaughter when, under the facts in the case, the crime involved was murder. *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447. In *Molton v. People,* 118 Colo. 147, 193 P. (2d) 271 (a rape case), error was assigned in "Accepting verdicts which disclosed the jury's failure to find on simple assault." Mr. Justice Burke said: "Assignment 7 is not good because there was not a shred of evidence to support the charge of simple assault and no verdict thereon should have been submitted."

■ No instruction should be given by the court, either on its own motion or at the request of counsel, which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect. *Slocum v. People,* 120 Colo. 86, 207 P. (2d) 970; see, also, *Carpenter v. People,* 31 Colo. 284, and *State v. Mahon,* 68 Iowa 304. In the Carpenter case this court quoted with approval from the Mahon case, as follows: "If the evidence in a case should show beyond all question that the crime of murder had been committed, and the only controverted question of fact should be whether the accused was the guilty party, it certainly would not be proper for the

court in that case to instruct the jury as to the offenses lower than murder, which were included in the indictment." This same holding was made in *Smith v. People,* 1 Colo. 121.

In the instant case the prosecutrix was acquainted with the defendants prior to the date on which she said she was raped. She identified them and stated definitely that they and each of them forcibly raped her. The other evidence adduced by the People amply demonstrated that she had a torn hymenal ring; was scratched and had black and blue marks on her face, body and legs, and a review of the record corroborates her evidence that she was subjected to a forcible rape. Under the record as made, the defendants were guilty of forcible rape or nothing at all. They contended they had no contact with the prosecutrix, and were, as above stated, in Pueblo, Colorado. The only evidence before the jury was that a rape had been committed, and we perceive no error in the refusal of the trial court to give defendants' tendered Instruction No. 1.

These are the only assignments here urged. We conclude that no prejudicial error appears in the record before us and the judgment of the trial court is affirmed.