No. 20,159.

WILLIAM VENA JORDAN *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(376 P. [2d] 699)

Decided December 3, 1962.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

JORDAN asserts the commission of error, affording grounds for reversal of his conviction of aggravated robbery and conspiracy to commit robbery, in four respects: (1) admission of testimony detailing the manner of his arrest; (2) refusal to grant his motion for directed verdict; (3) allowing an officer to read the transcribed statement of Jordan and another to the jury; and (4) receiving in evidence certain rebuttal testimony.

After a perusal of the record, we deem it necessary to discuss only the first and third points at some length. We at once dispose of the other points by passing comment.

To have directed a verdict of acquittal in this case, in the face of substantial evidence supporting guilt, would have been folly. The trial court judiciously denied the motion for such relief. *Abeyta v. People,* 134 Colo. 441, 305 P. (2d) 1063; *Boyles v. People,* 90 Colo. 32, 6 P. (2d) 7.

In the absence of a showing of discretion abused,

the discretionary action of the trial court in receiving certain challenged evidence in rebuttal will not be disturbed on review. *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983. Thus, the testimony of the officer, testifying for the people on rebuttal, was not necessarily improperly admitted because he remained in the courtroom after testifying on the examination in chief, notwithstanding an order excluding all witnesses had been entered at the commencement of the trial. *Gizewski v. People,* 78 Colo. 123, 239 Pac. 1026.

Much of the testimony in the case related to the arrest of Jordan almost twenty-four hours after the alleged commission of the crime. His presence with one Line at a shopping center the evening following the robbery under circumstances generating suspicions sufficient to move an officer to follow their car was the initiatory event of a string of occurrences leading to his arrest. The description of these circumstances in all their damaging detail provoked objections by the defendant. In overruling these objections, the trial court safeguarded Jordan by limiting instructions.

Testimony relating to Jordan's arrest was offered by the prosecution "to show the circumstances and the history of the arrest of the Defendant and his co-conspirator, the furtherance of the conspiracy in avoidance of arrest."

In admitting the testimony, the trial court admonished the jury that, if it found that Jordan had "fled and resisted an attempt to interrogate him, that flight is not sufficient to establish the guilt of the Defendant, but is a circumstance" which it could consider "in connection with all the other facts and circumstances proven at the trial in determining the guilt or innocence of the Defendant." It was for the jury to determine "whether such flight or resistance was caused by a consciousness of guilt or some other and innocent motive. The Defendant cannot be tried for or convicted of any offense not charged in the information."

How the officer stopped the car in which Jordan and Line were riding; had Jordan leave the driver's seat and accompany him to the patrol car; used his radio; left Jordan in the patrol car and returned to get the motor number of Jordan's car and was there confronted by Line armed with a gun; relieved of his gun by Jordan; forced to ride in the rear seat of Jordan's car until the latter car was stopped by another officer; used as a hostage to disarm the latter officer; forced to get in the latter officer's car, in which both officers were unwilling passengers at gun point; and finally rescued when other officers stopped the car and shot and wounded Jordan and Line — all this was described to the jury. Was this testimony admissible for the limited purposes for which it was submitted and received?

█ It is the general rule that evidence of offenses other than the one for which the defendant is on trial is not admissible. But where the case is such that proof of one crime tends to prove any fact material in the trial of a person accused of another crime, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jury is no ground for its exclusion. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081; *Phillips v. People,* 107 Colo. 250, 110 P. (2d) 977; *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447, 159 A.L.R. 509.

Jordan's conduct leading to his arrest was a circumstance properly brought to the attention of the jury, not for the purpose of showing that Jordan was guilty of other crimes, but for the purpose of determining whether such conduct tended to show or not show his consciousness of guilt. See *Crawford v People,* 144 Colo 385, 356 P. (2d) 485.

We observe that the safeguards set forth in *Stull v. People,* 140 Colo. 278, 344 P. (2d) 455, were carefully followed in the admission of this evidence. The district attorney offered it for a limited purpose; the trial court advised the jury of the limited purpose for which it was

to be considered, and in its general charge instructed the jury as to the limited purpose of the evidence.

We now consider the asserted error in permitting the officer to read the statement of Jordan and Line to the jury. The officer first testified to the circumstances preceding the making of the statement and narrated facts indicating that it was voluntarily made. Questions put by the officer and answered by Jordan and Line were taken by the reporter, who typed them, and the typewritten copy was identified as Exhibit "K." As typed, it was submitted to Jordan for his signature. He refused to read or sign it.

The exhibit was offered in evidence and objected to on the ground that, since it lacked Jordan's signature, it did not constitute a confession. The trial court denied its admission as a confession and ruled that the officer could refer to the exhibit for the purpose of refreshing his recollection. An objection to the use of the statement, because it also contained admissions by Line, was overruled on the theory that it was a joint statement of Jordan and Line and assented to by both. The statement was read verbatim in its entirety to the jury.

█ A past recollection recorded meets the requirements for admissibility when it appears that the witness (1) can identify the memorandum, (2) adequately recalls the making of it at or near the time of the event, either as recorded by himself or by another, and (3) can testify to its accuracy. *Solomon R. Co. v. Jones* 34 Kan. 443, 8 Pac. 730; see Wigmore on Evidence (3rd Ed.) §§734, 744, 748. But Jordan insists that additionally the witness must state that he is not repossessed of the facts after he has sought to stimulate his memory by the writing before such memorandum may be read to the jury.

Was an assertion from the officer that Exhibit "K" failed to revive a present recollection of the questions and answers necessary to the reception of a verbatim

reading of this exhibit? Such an assertion was not sought from the officer nor did he volunteer it.

Courts have recognized the difficulties which persons in certain occupations would have in remembering occurrences which are part of their routine duties. Officers who make frequent investigations of alleged violations of law, *People v. Griswold* 405 Ill. 533, 92 N. E. (2d) 91; *Taylor v. United States,* 19 F. (2d) 813; persons keeping books of account, *Rohrig v. Pearson,* 15 Colo. 127, 24 Pac. 1083; and court reporters, *Kinsey v. State,* 49 Ariz. 201, 65 P. (2d) 1141, 125 A.L.R. 3, are among those chiefly recognized as facing these difficulties.

"It would be practically impossible for officers, making daily investigations of alleged violations of law, to remember the names, dates, and what took place, without referring to notes made by them at the time or immediately thereafter." *Taylor v. United States,* supra.

In disapproving the rule which requires that the absence of a present recollection must be expressly shown as a preliminary to the use of a past recollection, Professor Wigmore says, in 3 Wigmore on Evidence (3rd Ed.), §738, p. 76: "But this necessity, on further analysis, is open to two interpretations, the less satisfactory of which has been adopted and emphasized in the modern New York rulings. Is the use of past recollection necessary (1) because in the case in hand there is not available a present actual recollection in the specific witness, or (2) because in the usual case a faithful record of past recollection, if it exists, is more trustworthy and desirable than a present recollection of greater or less vividness?

"The latter view, it would seem, is more in harmony with general experience, as well as with the attitude of the judges who early vindicated the use of past recollection. A faithful memorandum is acceptable, not conditionally on the total or partial absence of a present remnant of actual recollection in the particular witness, but *unconditionally;* because, for every moment of time

which elapses between the act of recording and the occasion of testifying, the actual recollection must be inferior in vividness to the recollection perpetuated in the record."

Here we have an officer who, if present recollection were relied upon, would be trying to relate from memory what the defendant admitted when interrogated shortly after his arrest. When testifying to the admissions made by the accused, accuracy is a desideratum. *People v. Wojahn,* 169 Cal. App. (2d) 135, 337 P. (2d) 192. "No reasonable man could suppose that the exact words could be obtained from a witness's recollection as well as they could be obtained from a transcript ... checked up by the witness. . . ." *People v. Weinberger,* 239 N.Y. 307, 146 N.E. 434. In the present case, the exact words contained in the transcript would obviously be more reliable.

We are persuaded that admissibility of a past recollection recorded does not depend upon the absence of a present recollection. *Moynahan v. Perkins,* 36 Colo. 481, 85 Pac. 1132, 10 Ann. Cas. 1061; *People v. Vera,* 131 Cal. App. (2d) 669, 281 P. (2d) 65; *Hall v. State,* 223 Md. 158, 162 A. (2d) 751; *People v. Weinberger,* supra. See *Rohrig v. Pearson,* supra. The Moynahan and Hall cases ably discuss the reason for admissibility. The Hall case expressly adopts Wigmore's views with convincing argument.

As has been pointed out in many cases, human memory dims with the passage of time. The extent of the dimming process varies with individuals. But a written record is constant for all time. Such a record, accurately made by a witness or under his direction at the time of the event or shortly thereafter, would be more reliable than the memory of the witness. In achieving justice, that which is more reliable is more desirable. Such record, of course, would be open to attack, and when disputed by other evidence, would give rise to a question for the jury as to the facts recorded.

There was no dispute in this case as to the facts recorded. Indeed, Jordan admitted that the statement as recited verbatim to the jury truly set forth the questions and answers. But he does deny that his answers spoke the truth.

We find no error in the record. Hence, the judgment is affirmed.