## No. 24060.

### Joe D. Fernandez v. The People of the State of Colorado.

(490 P.2d 690)

Decided November 15, 1971.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Thomas M. Van Cleave, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore,

Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

JOE D. FERNANDEZ, defendant below, hereinafter referred to as plaintiff in error or by name, was convicted of the crime of robbery and sentenced to the penitentiary. The record discloses the following facts leading to his conviction:

On the night of May 10, 1968, and the early morning hours of May 11, 1968, one Harry T. Lucero, while at an after hours club met a young lady named Andrea and her two male companions, one of whom is plaintiff in error. At about 4:00 a.m. Lucero left with Andrea in his car, and pursuant to her directions drove directly to a location known as Inspiration Point. Luecro parked his car, then he and Andrea climbed into the back seat and began embracing and kissing. While the two were so involved a car parked alongside, and three men burst into Lucero's car and beat and robbed him. During the assault Andrea entered the car from which the three assailants had emerged.

After the assault the three men and Andrea left in the car in which the three men arrived. Lucero then hailed a motorist, was given a ride home and called the police. Later, on the morning of May 11, because of information previously given by Andrea concerning a funeral there, Lucero went to the Sacred Heart Church. In attendance was plaintiff in error whom Lucero recognized. At the request of both of them, a priest called the police and plaintiff in error was arrested and charged with robbery.

At the trial, after Lucero testified to the events in question, Officer Smith of the Denver Police Department testified that he answered the priest's call to the church on the morning in question and that Lucero appeared to

him to have been beaten. He also testified that he knew Inspiration Point was in the City and County of Denver. After the People rested and the court denied plaintiff in error's motion for judgment of acquittal, plaintiff in error, who had pleaded the defense of alibi, testified to his alibi, as did other witnesses who said they were with plaintiff in error at the time of the alleged beating and robbery.

Fernandez contends that his conviction should be reversed because: (1) there was inadequate proof of venue; (2) there was insufficient evidence to establish a *prima facie* case of robbery; (3) the two instructions regarding credibility, one general and the other specifically as to plaintiff in error, were repetitive and placed undue emphasis on the plaintiff in error's credibility as a witness; (4) remarks were made by the district attorney outside the scope of evidence which constituted prejudicial error; (5) the failure of the court to sustain his objection to the district attorney's misstatement of testimony in closing arguments constituted prejudicial error; and (6) certain testimony was hearsay and its admission into evidence constituted prejudicial error. We find as a matter of law that the assignments of error lack merit and, accordingly, we affirm the decision of the district court.

I.

Plaintiff in error argues that the evidence was insufficient to establish venue in the trial court because there was a conflict of testimony about whether the offense charged occurred within the City and County of Denver. He argues that the only evidence that the location is in Denver was based on the assumptions of a Denver police officer who was not certain of the exact location where the offense occurred on Inspiration Point. The short answer is that the policeman testified both on direct examination and on cross-examination that Inspiration Point was within the City and County of Denver.

We hold that the People properly met their

burden of establishing venue. Venue is a matter to be determined from all evidence in the case. *Brock v. People,* 67 Colo. 389, 176 P. 744; *Brook v. People,* 23 Colo. 375, 48 P. 502. While there must be some proof of venue, even slight evidence may be sufficient. Such evidence may be direct or circumstantial, and its sufficiency will be assumed if it is not controverted by other evidence nor affected by circumstances or other matters. *Abeyta v. People,* 134 Colo. 441, 305 P.2d 1063.

No evidence was introduced to controvert the police officer's testimony that Inspiration Point was in Denver. No exception was taken to Instruction No. 1 wherein the charge against Fernandez was stated, and the location of the alleged offense set forth.

We hold, therefore, that the record evinces sufficient evidence of venue.

## II.

It is next urged that the People failed to present evidence sufficient to establish a *prima facie* case of robbery. Plaintiff in error argues that he was charged under C.R.S. 1967, 40-5-1 with the crime of robbery, but was convicted pursuant to Instruction No. 9, for violation of C.R.S. 1963, 40-1-12, an accessory statute. He argues that this constitutes failure to establish a *prima facie* case of robbery.

Neither the law nor the cases support the plaintiff in error in his contentions. While a host of cases expound on the rule in similar situations, we need go no further than the principal case of *Mulligan v. People,* 68 Colo. 17, 189 P. 5. There, this Court expressly restated the rule that an accessory may be charged as a principal. After citing Rev. Stat. 1908, 1620, predecessor of C.R.S. 1963, 40-1-12, the Court said:

"To say that an accessory is deemed and considered a principal, and to be punished as a principal, is to plainly declare that he shall be charged as a principal. All participants in the crime are made alike guilty of the crime under the statute, and therefore, when properly charged

with the crime, they are sufficiently advised of the accusation against them, within the requirement of the constitutional provision." *Mulligan v. People, supra* at 25, 189 P. at 8.

In the present case, the plaintiff in error was properly charged with the crime of robbery and the robbery was shown to have occurred. His role as an accessory was proven below, which he concedes in his brief before this Court. Therefore, we find that a *prima facie* case was made and that Fernandez was properly convicted under C.R.S. 1967, 40-5-1, the statute which he was charged with violating.

### III.

The third argument of plaintiff in error is that the trial court, by giving Instruction No. 12, as to the credibility of Fernandez specifically duplicated some of the matter and language of Instruction No. 11, entitled "Credibility of Witnesses," and thereby prejudicially pinpointed his testimony for special consideration and scrutiny. While we find that it was unnecessary to give both of the instructions on credibility, in so doing the trial court did not commit prejudicial error. *Hinton v. People,* 169 Colo. 545, 458 P.2d 611, *cert. denied,* 397 U.S. 1047, 90 S.Ct. 1375, 25 L.Ed.2d 659, where exactly the same point raised here was decided against appellant's contention is completely dispositive of the issue.

We choose this time to repeat and emphasize our view that the practice of giving two instructions on the credibility of witnesses is not necessary, and is not the modern trend. It is the better practice to give only one instruction as to credibility of witnesses.

### IV.

Plaintiff in error assigns error to the trial court's refusal to grant his motion for a mistrial on the ground that when the district attorney referred to the companions of the plaintiff in error as "accomplices" in the presence of the jury, such remarks were outside of the scope of the evidence, and thus prejudicial.

352

First, the record shows beyond a doubt that the testimony implicated the companions of plaintiff in error as accomplices. Any statement by the district attorney with regard to those persons as accomplices after such a showing is within the boundaries of proper comment. And remarks by any of the accomplices, in the presence of plaintiff in error, are admissible. An analagous situation is that of the co-conspirators' exception to the hearsay rule. *See Reed v. People,* 156 Colo. 450, 402 P.2d 68; *McClain v. People,* 111 Colo. 271, 141 P.2d 685; *McPhee v. People,* 105 Colo. 413, 98 P.2d 997; *Dalton v. People,* 68 Colo. 44, 189 P. 37.

Secondly, we hold that without more showing than was given by plaintiff in error, it is impossible to find that plaintiff in error was prejudiced by the district attorney's reference to the girl, Andrea, as an accomplice. Accordingly, we hold there was no such prejudice.

## V.

The fifth argument of plaintiff in error is that the trial court erred in overruling his objection to misstatements on the part of the district attorney during closing argument. The misstatements were made with regard to the testimony of a police officer, during rebuttal examination. The People concede that misstatements of the evidence were made, but state that the mistake was an honest one and not intentional.

During the segment of the closing argument in question here, the trial court reminded the jury that they were the triers of fact and that, having heard the testimony, only their interpretation mattered as to what was fact. The misstatements concerned only one of the defendant's witnesses as to his alibi. Three other witnesses testified to the same facts, as did the witness in question. We are persuaded that the misstatements did not so infect the trial as to require more than the admonition given to the jury by the trial judge in the exercise of his discretion. We point out that no motion for mistrial on these grounds was made at the time of the statements.

## VI.

Finally, plaintiff in error contends that certain extra-judicial statements which he argues are inadmissible as hearsay were nevertheless admitted into evidence. He argues that the testimony of Lucero that Andrea directed him to Inspiration Point is hearsay and therefor inadmissible.

We have said that "[t]he hearsay rule, with certain exceptions, generally forbids evidence of out of court utterances to prove the facts asserted in them." *Abeyta v. People,* 156 Colo. 440, 443, 400 P.2d 431. The basis for the rule which excludes hearsay from evidence is the lack of opportunity to test, by cross-examination, the accuracy and truth of the statements offered. However, the present case is yet another in which objection that evidence is hearsay is raised under circumstances not calling for application of the hearsay rule, and as in other cases, we refuse to sustain such objection. *See Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982.

Our reading of the record reveals that the objective of Lucero's testimony was merly to show how he got to Inspiration Point. The extra-judicial statement was offered for proof only of a verbal act, and as such, its value does not depend on the competency and credibility of someone other than the witness testifying to it. This being true, the statement is admissible for the limited purpose for which it was intended. *Cf. Abeyta v. People,* 156 Colo. 440, 400 P.2d 431; *Pomeroy v. People,* 116 Colo. 518, 182 P.2d 139. Accordingly, we hold that the trial court properly admitted the statement into evidence.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.