No. 15,125.

FREDELL ET AL. *v*. EICKHOFF ET AL.

(142 P. [2d] 1006)

Decided November 1, 1943.

Mr. A. X. Erickson, Mr. Don B. Oliver, for plaintiffs in error.

Mr. Arthur E. Aldrich, Mr. Clement R. Hackethal, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Suit by Edwin, John and George Fredell, plaintiffs in error, who were plaintiffs below, to impress a trust upon the property of a deceased uncle, John H. Eickhoff, the husband of Katherine B. Eickhoff one of the defendants in error and administratrix and sole heir of his estate, the other defendant in error being the surety on her bond. The trial court refused to impress the trust on the property for the stated reason that the evidence was insufficient to sustain the alleged oral agreement upon which the attempt was made to ground the trust, and dismissed the complaint. Reference will be made to the parties as plaintiffs and defendants, or by name.

The material allegations of the complaint are: That for more than forty years Mary Fredell Eickhoff (the first wife) and John Eickhoff, prior to January 14, 1937, were, and had lived together as, husband and wife; that on or about January 2, 1937, they verbally agreed to dispose of their property to the survivor of them for life, with the remainder to the plaintiffs, share and share alike; that Mary performed her part of the agreement and that John E. Eickhoff became possessed of all her property upon her death in January, 1937; that in February, 1937, John H. Eickhoff, in performance of said agreement, made and executed a will in which he stated, inter alia: "I, John H. Eickhoff, in accordance with the agreement with my deceased wife Mary * * * give, devise and bequeath all of my estate * * * unto the three nephews of my deceased wife, Mary, share and share

alike, namely, Edwin Fredell, John Fredell, George Fredell. * * *," and that the defendant has all of the said property and estate in her possession and control, and prayed that it be impressed with a trust in favor of these plaintiffs.

In seeking reversal plaintiffs present the following specification of points:

"1. The district court * * * erred in dismissing the complaint and finding the issues in favor of the defendants in error, for that there was clear and convincing evidence that Mary Fredell Eickhoff, deceased, and John H. Eickhoff, deceased, had agreed, while husband and wife, to make a will in favor of the survivor of them of all the property of both of them for the use during life of the survivor of them and the remainder to the plaintiffs in error, and that such oral agreement was wholly performed by the making on the part of John H. Eickhoff of the certain last will and testament.

"2. The said court erred in not finding that the last will and testament of John H. Eickhoff, deceased, was performance of the oral agreement between Mary Fredell Eickhoff and John H. Eickhoff to make a joint will in favor of the survivor of them, for the reasonable uses of such survivor during life, and the remainder to plaintiffs in error."

It is conceded that in cases of this character the evidence to support an agreement, such as that upon which reliance is placed in this case, must be clear and convincing. *Hildebrand v. Rolfe,* 100 Colo. 304, 67 P. (2d) 492; *Wehrle v. Pickering,* 106 Colo. 134, 102 P. (2d) 737. See, also, Annotation, 69 A.L.R. 14.

We think that a brief analysis of the evidence will show that it did not approach the degree of proof required under the authorities. The principal testimony upon which plaintiffs rely was that of Mr. Talkington, a Denver attorney, who stated that a short time before Christmas, in 1936, he met John Eickhoff who told him that he and his wife had everything "fixed so that these

nephews will get this property." Talkington stated: "I couldn't say whether it was an oral or a written agreement or how it was fixed." He testified that he told them that they should make a joint will, each giving all to the survivor, with the remainder to these boys. It appears that the Eickhoffs instructed him to draw such a will, but before he could comply with this instruction Mary Eickhoff died.

It developed that the property was "fixed" in a joint tenancy between Mary and John Eickhoff with right of survivorship, which joint tenancy had been initiated with a joint bank account in 1920, and joint ownership of their real estate was concluded in 1934 when Mary sold a house in Denver and purchased another, title to which was placed in both names, with right of survivorship. The relationship of this arrangement to the plaintiffs was never more than conversation, which, so far as the record discloses, never crystallized into any specific agreement.

Plaintiffs introduced in evidence Exhibit C, which was an undated, unsigned, and unacknowledged carbon copy of an instrument purporting to be the will of John H. Eickhoff, for the purpose of showing the alleged agreement between him and Mary Eickhoff. The original was not produced, but Mr. Talkington testified that the original was written, signed and acknowledged in the presence of himself and another lawyer, a Mr. Sutton, on a Saturday afternoon in February, 1937. This testimony was corroborated by that of Mr. Sutton. In July of 1937, Eickhoff wrote the mother of the plaintiffs in which he said, inter alia, "I have a fine home and some personal property and you and your boys are going to get it if any thing happens to me for you and Mary's brother Johnie boys was all that Mary cared for * * *."

April 10, 1939, John Eickhoff married Katherine Bohle (the present Katherine Eickhoff, one of the defendant's herein) whose first husband was a cousin of Mary Eickhoff, and had been a friend and neighbor of

the Eickhoff family for many years. Her story on the stand was, in substance, that in Feburary, 1938 — after John had been in California about a year and had been involved in an accident—although not yet married to Eickhoff, she consulted Mr. Talkington—knowing that he had done legal work for Mr. Eickhoff—and requested him to draw a will for John Eickhoff; that Talkington did draw a will is which she, Katherine Bohle, and the three nephews were awarded the estate, share and share alike; that Eickhoff, after they were married, told her to bring the will home; that she did so and that he burned it, saying "he didn't want to have no will * * * because I was married to him * * *."

Further doubt is cast upon the execution of the original will of John Eickhoff, of which Exhibit C purports to be a copy, by the fact that Eickhoff was in California at least from Sunday the 7th of February, 1937, on, for the entire month, so Talkington and Sutton could not have prepared a will for him in Denver "on a Saturday afternoon in February, 1937" unless Eickhoff took an airplane to San Francisco late Saturday afternoon February 6th which possibility is not suggested.

John Eickhoff died, apparently intestate, December 3, 1940, and Katherine B. Eickhoff was appointed administratrix of his estate.

On this showing, we think the evidence was not so clear and convincing as to establish the agreement upon which plaintiffs rely, and the trial court did not err in dismissing the complaint.

Judgment affirmed.